(No. 23645.—

THE UNITED AIR LINES, INC., Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ESKIL HALLQUIST, Defendant in Error.)

*Opinion filed October 27, 1936.*

CASSELS, POTTER & BENTLEY, (RALPH F. POTTER, and CLAUD D. RABER, of counsel,) for plaintiff in error.

AUGUSTINE J. BOWE, and WILLIAM J. BOWE, for defendant in error.

Mr. JUSTICE JONES delivered the opinion of the court:

The defendant in error, Hallquist, was an employee of the United Air Lines, Inc., and while in the performance of his duty on April 30, 1932, a piece of steel flew from a hammer which he was using and entered his left arm. The employer received immediate notice of the injury and the employee was treated by company doctors. However, he was able to continue work, receiving surgical treatment after hours of employment. In June, 1932, the arm seemed to be healed, but a blood-clot appeared in his left leg and he went to the University Hospital. In examining him the physicians discovered a sore where the steel had injured his arm. He was treated about seven weeks. On August 28, 1933, he was compelled to cease work on account of his physical disability. During this period of unemployment he was paid his usual wage, which was on an average of $40 a week. The company had a policy of paying its employees full wages when absent on account of illness or injury. On February 26, 1934, the defendant in error resumed his work for the company and continued in its service until June 1 of that year, when the company moved its shop from Cook county, Illinois, to Cheyenne, Wyoming. He was informed that his employment with the company was at an end. At that time he asked his superintendent about "his arm and any money that might be due" and was told to go to the insurance company. He then decided to file an application with the Industrial Commission and did so on June 9, 1934. A hearing was had before an arbitrator. There was then a cicatricial scar about two and a half inches long and two inches wide. In the center was a small scab about half the size of a dime. The

evidence showed that the scab came off about once a month and a fluid exudate was present. The arbitrator found the defendant in error was entitled to compensation of $15 per week for a period of 33¾ weeks because of permanent loss of fifteen per cent of the use of an arm; that $390 had been paid on account of the injury; that the defendant in error is entitled to a further sum of $506.25 as compensation and also $11 for necessary medical expense. On petition for review the Industrial Commission sustained the award. A writ of *certiorari* was issued out of the circuit court, and upon a hearing in that court the decision and the award of the Industrial Commission were confirmed and approved.

It is the contention of the company that the Industrial Commission had no jurisdiction to approve the award because no claim for compensation was made to the employer within six months after the accident and no application for compensation was filed with the Industrial Commission within one year after the date of injury or within one year of the last date of payment of compensation, as required by section 24 of the Workmen's Compensation act. (State Bar Stat. 1935, chap. 48, sec. 224; 48 S. H. A. 161.) The defendant in error concedes that he made no claim for compensation against the employer within the six-months' period and that he did not make an application for compensation with the Industrial Commission within the one-year period, but he insists that he did make an application for compensation with the Industrial Commission within one year after the last payment of compensation. His contention in this regard is the vital question in the case. The facts are very similar to those in *Field & Co.* v. *Industrial Com.* 305 Ill. 134, in which the rule was laid down that where an employer makes payments to an injured employee during a period of time when the employee is unable to work, and liability under the Compensation act is not denied, such payments will be construed to have been made

in consequence of the employer's liability. This rule is based upon the doctrine that when the employer has knowledge of the injury and does not deny liability, the employee has a right to regard the payments as having been made under the act and is not bound to make demand for further compensation as long as the payments are continued. It is the duty of an employer to provide an employee who has suffered an accidental injury arising out of and in the course of his employment, necessary first aid and medical, surgical and hospital services, and, in case of temporary total incapacity for work, to pay compensation as long as such incapacity lasts, subject to the limitations provided by sub-section ($b$) of section 8 of said act. The mere fact that the company has adopted a policy of paying its employees when they are unable to work, and does so, is not sufficient to bar the right of the employee to claim compensation when the employer ceases to make further payments. Any other doctrine would be in contravention of the purpose and the spirit of the Compensation act.

The employer relies on *Lewis* v. *Industrial Com.* 357 Ill. 309, but that case is readily distinguishable from the *Field & Co. case, supra.* In the *Lewis case* there was no evidence to show the employer had any notice of the accidental injury or that it was aware of it until a claim for compensation was made after the death of the employee. The payments in that case were shown to have been made to the employee's wife because her husband had become ill from spinal meningitis more than four months after the accident. The record did not disclose that either the employer or the employee was aware that there was any causal relationship between the disease from which the employee was then suffering and an accidental injury. Under the circumstances of the case we said that it was apparent the payments were made without reference to any provision of the Workmen's Compensation act. There was no ground for the application of the rule laid down in the *Field & Co.*

*case* that the employee had the right to regard the payments as having been made under the Compensation act.

Whether a claim for compensation has been made as required is a question of fact, to be determined like any other similar question. (*Lewis* v. *Industrial Com. supra.*) Three tribunals with the power of determining the question of fact in this case have held that the claim was filed within twelve months after the last payment of compensation. That holding is not contrary to the evidence and we cannot disturb it.

The judgment of the circuit court of Cook county confirming the award of the Industrial Commission is affirmed.

*Judgment affirmed.*