(No. 2573—)

JAMES O'NEILL, Clamant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 15, 1937.*

SIMS, STRANSKY & BREWER and T. I. McKNIGHT, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

An opinion was filed in this cause on October 17, 1935, wherein the motion of the Attorney General was allowed to dismiss the claim for failure of claimant therein to show that notice of claim had been given within six months after the accident, as required by Section 24 of the Workmen's Compensation Act. An award was denied. Thereafter, on November 16, 1935, claimant filed his Petition for Re-hearing, and alleged therein that if such re-hearing was granted claimant would be able to show that such notice of claim had been duly given to respondent. The Petition was allowed and on February 6, 1937, claimant filed a Supplemental Brief citing the then recent decision of the Supreme Court of Illinois in the case of *United Airlines* vs. *Ind. Comm.* 364 Ill. 346, decided on October 27, 1936, wherein the court, in considering the effect of the payment of full wages upon claimant's limitation of time for giving of notice of claim, said:

"When the employer has knowledge of the injury and does not deny liability, the employee has a right to regard the payments as having been made under the Act and is not bound to make demand for further compensation as long as the payments are continued. * * * The mere fact that the company has adopted a policy of paying its employees when they are unable to work, and does so, is not sufficient to bar the right of the employee to claim compensation when the employer ceases to make further payments. Any other doctrine would be in contravention of the purpose and the spirit of the Compensation Act."

Supplemental evidence was filed herein on November 12, 1937, showing claimant's present restricted earning capacity, and on November 15, 1937 claimant filed a further additional brief, again citing the United Airlines case (supra).

Contrary to the allegations in claimant's Petition for Rehearing, he did not upon the taking of additional evidence after such petition was granted, produce any evidence to show that notice had in fact been given by claimant to respondent of his intention to make claim for compensation for the accident in question, and the record now stands in that respect the same as it did when the original opinion was filed herein on October 17, 1935.

The decision in the United Airlines case was not handed down by the Supreme Court of Illinois for more than a year after the opinion of this court in the case at bar. Under that decision and under *Field and Company* vs. *Ind. Comm.* 305 Ill. 134, the rule is announced that where an employer makes payments to an injured employee during a period of time when the employee is unable to work, and liability under the compensation Act is not denied, such payments will be construed to have been made in consequence of the employer's liability; further, that when the employer has knowledge of the injury, and does not deny liability, the employee has the right to regard the payments as having been made under the Act and is not bound to make demand for further compensation as long as the payments are continued. While this seems a broad construction to give to the wording of Section 24 of the compensation Act, such has been the ruling in regard to cases of industrial employment, and we feel impelled to follow such construction. Payment of wages were made to claimant until the time he was discharged on September 10, 1934. His claim was filed with the clerk of this court on January 9, 1935, and we therefore find that the court has jurisdiction of the subject matter and the parties hereto.

We further find that claimant on January 11, 1934, was an employee of the State of Illinois, and at the time of the accident in question was a highway policeman, employed by the State Highway Department; that on said date while in the course of his regular employment the automobile which he was driving was struck at the intersection of Western Avenue and Roosevelt Road in Chicago by a southbound automobile, driven by one Steve Pietrzyk who, in disregard of

the signal light, crashed into the car driven by claimant, causing serious bodily injuries to the latter; that he was confined to the hospital for nine (9) days, and as a direct result of the injuries suffered in said accident, received a permanent injury to his vocal cords and has since been unable to speak above a whisper, that such accident arose out of and in the course of his employment; that his wages at the time of said accident were Two Hundred Ten ($210.00) Dollars per month; that he suffered temporary total disability from January 11, 1934 to March 1, 1934; that he continued to receive his full wages until he was discharged on September 10, 1934. So far as the record discloses claimant is married but has no children. He has been employed at different occupations since being discharged by the State, having worked as a messenger in the City Hall at Joliet, at One Hundred Twenty Five ($125.00) Dollars per month, and as a farm hand, at One Hundred ($100.00) Dollars per month. The basis for his claim at this time is a permanent paralysis to his vocal cords which prevents him from being able to speak above a whisper and which prevents him from obtaining certain employments which he held prior to his employment by the State, such as serving as an umpire in various baseball leagues, and as a railroad employee; his failure to obtain such jobs being attributed by him to his inability to speak above a whisper. In answer to a direct question (Transcript p. 9) of, "Whether his discharge was due to his physical condition or whether politics was responsible," claimant stated, "That he always thought his discharge was due to politics." However that may be, the record now discloses that claimant has a permanent partial disability, i. e., a throat injury, resulting from the accident in question and causing him to be unable to pursue his usual and customary lines of employment. A report, filed by Dr. Charles J. Carlin and by Dr. R. W. Lennon of the New Prison Hospital at Joliet, states that claimant is suffering from "Paresis of the vocal cords,—is unable to speak above a whisper and in their opinion such condition is traced to the accident in question." Claimant's wages at the time of his injury were Two Hundred Ten ($210.00) Dollas per month. The best wage which he has been able to obtain since his discharge by the State, was a messenger at One Hundred Twenty-five ($125.00) Dollars per month, which job he voluntarily resigned.

Section 8 (d) of the Act provides:

"If after the injury, etc., the employee as a result thereof becomes partially incapacitated, etc., shall etc. receive compensation, subject to limitations as to time and maximum amounts fixed in paragraphs (b) and (h) of said section, equal to fifty per centum of the difference between the average amount which he earned before the accident and the average amount which * * * he is able to earn in some suitable employment or business after the accident."

From the foregoing we find the difference between the average amount claimant earned before the accident and that which he is able to now earn is $1,020.00 per year. Fifty per cent thereof or $510.00 is the equivalent of $9.80 per week, or the weekly compensation to which claimant is entitled under the provisions of Section 8 (d) for permanent partial disability.

Claimant is entitled to compensation for temporary total disability of $15.00 per week from January 11, 1934 to March 1, 1934, or $105.00.

He is also entitled to compensation for permanent partial disability from March 1, 1934 for a period not to exceed eight (8) years at $9.80 per week, subject to the limitation of Section 8 (d).

Claimant has heretofore been paid at the rate of $210.00 per month from January 11, 1934 to September 10, 1934, being the equivalent of $48.46 per week for a period of thirty-four (34) weeks and four (4) days, or $1,679.92.

Figured to the most convenient current date, the compensation due him is as follows:

From January 11, 1934 to March 1, 1934, @ $15.00 per week........$ 105.00
From March 1, 1934 to September 10, 1934 @ $9.80 per week........ 271.12
From September 10, 1934 to December 9, 1937 @ $9.80 per week.... 1,651.29

$2,027.41
Heretofore paid ........................................ 1,679.92

Balance earned and due to December 9, 1937...................$ 347.49

such latter sum being payable instanter, and monthly payments thereafter being due at the rate of $9.80 per week for a further period of two hundred and one weeks; and a final payment thereafter of Two Dollars and Seventy-nine Cents ($2.79), the total of such deferred payments being $1,972.59.

The motion of the Attorney General to dismiss the complaint is now denied and an award is hereby entered in favor

of Claimant James O'Neill for the sum of Three Hundred Forty Seven and 49/100 ($347.49) Dollars, payable instanter, and monthly payments thereafter at the rate of Nine and 80/100 ($9.80) Dollars per week for a further period of Two Hundred and One (201) weeks; and a final payment of Two and 79/100 ($2.79) Dollars; the total of such deferred payments being $1,972.59, and such deferred payments being made subject to the further order of this court, for which jurisdiction of this cause is hereby retained.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved July 3, 1937 (Sess. Laws 1937, p. 83) and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from said appropriation from the Road Fund in the manner provided for in such Act.