(No. 3335— ▮▮▮▮▮▮▮▮▮▮▮▮▮▮)

DAVID E. CALDWELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 14, 1940.*

W. S. KAY, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This case comes to this court on the petition of claimant and stipulation of facts by the Attorney General. The stipulation disclosed that on July 12, 1938, David E. Caldwell, forty-five years old, was in the employ of the State in the capacity of Maintenance Patrolman for the Division of Highways, Department of Public Works and Buildings, and that

his annual earnings for one year prior to the time of the injury amounted to $1,475.81. About 4:00 in the afternoon of the date mentioned, claimant was engaged with others in the removal of a part of the concrete highway that had been displaced by heat expansion, and was using a twelve pound sledge to break it up. Immediately following a heavy blow that he had made in the concrete a chip of concrete flew and struck him in the right eye and became imbedded therein, and as the result of that injury, it became necessary to remove his right eye. As the result of the injury, he lost seven weeks work.

The respondent had immediate notice of the injury and the claim was filed in apt time.

The respondent furnished claimant an artificial eye, glasses, and the necessary hospitalization and medical treatment, at a total cost of $469.30, and the claimant was paid his full salary of Two Hundred Thirteen Dollars and Thirty-nine Cents ($213.39) during the time he was unable to work because of the injury.

Claimant had no children under sixteen years of age at the time of the injury and was forty-five years of age at that time.

From the facts contained in the record, it appears that both claimant and the respondent were operating under the provisions of the Illinois Workmen's Compensation Act. Claimant was paid a salary during the unproductive time following the injury and that constituted a payment of compensation. *Field & Company* vs. *Ind. Com.*, and *United Air Lines* vs. *Ind. Com.*, 364 Ill. 346, and this obviated the necessity of making a demand.

From the admitted facts in this case, we find that the accidental injury arose out of and in the course of the employment. Claimant's annual earnings were $1,475.81 or $28.38 per week, and therefore the compensation rate applicable is $14.19 per week.

Claimant's compensation is to be computed as follows:

Temporary total incapacity, July 12 to August 31, 1938—7 weeks at
$14.19 per week (Sec. 8 (b) Ill. Workmen's Compensation Act)....$ 99.33
Loss of right eye, 120 weeks at $14.19 per week (Sub. sec. 16, Sec.
8 (e) Illinois Workmen's Compensation Act)....................$1,702.80

Total compensation .........................................$1,802.13

From the total amount of compensation of $1,802.13, must be deducted the compensation heretofore paid of $213.39, which leaves a balance of $1,588.74 remaining due to claimant. Compensation has accrued to February 14, 1940 in the amount of $1,177.77. Award is therefore entered for the sum of $1,588.74, payable as follows: Balance of accrued compensation, payable forthwith $964.38; balance of award i.e., $624.36 is payable in weekly installments of $14.19 until paid.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved July 3, 1937 (Sess. Laws 1937 p. 83) and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.