**CANADA DRY BOTTLING COMPANY OF FLORIDA, INC.,** Employer, **and FIREMAN'S FUND INDEMNITY COMPANY,** Insurance Carrier, v. S. H. WHITE, Claimant, **and FLORIDA INDUSTRIAL COMMISSION.**

13 So. (2nd) 595                                        January Term, 1943
May 21, 1943                                                    En Banc

*McKay, Dixon & DeJarnette* and *A. Lee Bradford,* for appellants.

*Moorehead & Pallot,* for appellees.

TERRELL, J.:

On July 13, 1938, S. H. White was injured in an accident while in the employment of Canada Dry Bottling Company of America, Inc. No time was lost from his work and no compensation was paid him but medical benefits were furnished him to December, 1938. A claim for compensation and further medical benefits was filed in September, 1941. The Deputy Commissioner found that the claimant was entitled to compensation for his disability and to further medical treatment. The full Commission approved this award which was on appeal affirmed by the Circuit Court and defendants appealed.

Two questions are presented: (1) Was the claim for compensation filed within the time provided by the Workmen's Compensation Act? (2) Was the claim for additional medical treatment filed within a reasonable time?

Section 19(a) of the Workmen's Compensation Act among other things provides that the "right to compensation for disability under this Act shall be barred unless a claim therefor is filed within one year after the time of injury." Section 25(a) of the same Act likewise provides that "a claim may be filed at any time after the first seven days of disability following an injury."

It is admitted that the claimant was injured in line of his employment on July 13, 1938, that no time was lost from his employment, that medical benefits were paid him to December, 1938, and that the claim for compensation and further medical benefits was not filed until September, 1941, more than three years after the injury. There is evidence which shows that his injury grew progressively worse and that claimant was discharged because of inability to perform his work on account of the injury.

The claimant contends that since there is a conflict in the provisions of the Workmen's Compensation Act quoted in the forepart of this opinion, such conflict should be resolved in favor of the claimant and his claim allowed. The Industrial Commission and the Circuit Court appear to have been impressed with this view. It may find support in morals and sympathy but we find nothing in law to support it.

Section 25 (a) of the Workmen's Compensation Act is "subject" to the provisions of Section 19 (a) and when the two provisions are read together we cannot escape the conclusion that all claims for compensation must be filed within one year after the time of the injury. The permission in Section 25 (a) to file a claim "at any time after the first seven days of disability following any injury" must be contemplated by rule of the Commission within the year after the injury as required by Section 19 (a) Chapter 17481. In other words, Section 25 (a) authorizes the Commission to promulgate rules for filing claims for compensation with it but no rule so promulgated can extend the time more than one year from the injury.

It may be that this interpretation will work harshly in the claimant's case but if any other rule is adopted there will be no end to the time claimants may invoke the aid of the Commission. It is essential for the protection of those who pay their earnings to the Commission and thus acquire a stake with it to fix some limitation on the time for filing claims. Whether one year is proper is a question for the Legislature to say. A great many cases support this reasoning but we deem it so academic that it is unnecessary to cite them.

On the point of whether or not the claim for additional medical treatment was filed in season it is sufficient to say that the Workmen's Compensation Act contains no specification determinative of this point but sound reason would not warrant filing such a claim later than the time allowed for making claim for compensation.

The judgment is reversed.

Reversed.

BUFORD, C. J., THOMAS, SEBRING and ADAMS, JJ., concur.

BROWN and CHAPMAN, JJ., dissent.

BROWN, J., dissenting:

I dissent from the last paragraph of the foregoing opinion. The statute being silent on the point, I think we should hold that a claim for additional medical treatment or benefits should be filed within a *reasonable time* which I think was done under the peculiar facts of this case. I do not think this court should attempt to set any arbitrary time limit applicable to all cases.