(No. 3896— )

Luvia Hinton, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed March 14, 1945.*

Philip L. Turner, for claimant.

George F. Barrett, Attorney General; C. Arthur Nebel, Assistant Attorney General, for respondent.

Fisher, J.

Claimant alleges that on the 26th day of December, 1943, and for several years prior thereto, she was employed by respondent as an attendant at the Lincoln State School, Lincoln, Illinois, and that on the 26th day of December, 1943, while in the discharge of her duties, she slipped and fell and, as a result of said fall, broke her right arm and suffered other grave injuries to her person.

She immediately reported her injury to the Medical Officer on duty at the said Lincoln State School, and first

aid was administered, but that no attempt was made to examine the injured arm to ascertain the extent of the injury. That on the 28th day of December she employed a physician who x-rayed the injury and placed the arm in a cast; that the fracture did not make a proper union in knitting and, that by reason of the accident, she has sustained a permanent partial loss of the use of her right arm.

Claimant further alleges "that she has not received any compensation on account of said injury; that she has not presented any claim to any State Department or officer thereof, or to any person, corporation or tribunal; and that she has not received any compensation on account of her claim."

The Attorney General has filed a motion to dismiss this complaint for the reason that it does not comply with Section 24 of the Workmen's Compensation Act.

Section 24 of the Workmen's Compensation Act provides that—

"No proceedings for compensation under this Act shall be maintained unless notice of the accident has been given to the employer as soon as practicable, but not later than thirty days after the accident * * * provided, no proceedings for compensation under this Act shall be maintained unless claim for compensation has been made within six months after the accident * * *"

Claimant alleges her injury occurred on or about December 26, 1943, and the complaint herein was filed on December 23, 1944.

The Supreme Court of Illinois has repeatedly held that the requirements of Section 24 of the Workmen's Compensation Act are jurisdictional and unless complied with a claim for compensation cannot be maintained.

"No proceedings for compensation under the Act shall be maintained unless claim for compensation has been made within six months after the accident. The making of a claim for compensation is juris-

dictional and a condition precedent to the right to maintain a proceeding under the Compensation Act."

> *Inland Rubber Company* vs. *Industrial Commission*, 309 Ill. 43.
> *City of Rochelle* vs. *Industrial Commission*, 332 Ill. 386.
> *Lewis* vs. *Industrial Commission*, 357 Ill. 309.
> *United Airlines* vs. *Industrial Commission*, 364 Ill. 346.

Claimant is required under Rule 5 (a) of the Court of Claims "to state whether or not a claim has been presented to any State Department or officer thereof, or to any person, corporation or tribunal, and, if so presented, he shall state when, to whom, and what action was taken thereon * * *"

To comply with this rule of the Court of Claims and Section 24 of the Workmen's Compensation Act, it is not necessary to file a formal written claim, and it is sufficient for a claimant to notify the employer of an intention to claim compensation for the injury.

Claimant, however, states in her complaint "that she has not presented any claim to any State Department or officer thereof, or to any person, corporation or tribunal." Claimant, having made no claim for compensation as required under Section 24 of the Workmen's Compensation Act, we are without jurisdiction to entertain her claim, and must allow the motion to dismiss.

The motion to dismiss the complaint is allowed, and the claim is dismissed.