MATHEWS, Justice.
This appeal results from the order of the Deputy -Commissioner denying compensation because more than two years had elapsed after the last payment was made to the appellant, or to state it another way, because the claim was not filed within the time required by the statute. An appeal was prosecuted to the full Commission which affirmed the order of the Deputy Commissioner and on appeal to the Circuit Court it was ordered that the findings of the Deputy Commissioner as affirmed by the full Commission be affirmed. This appeal is prosecuted from the final order of the Circuit Court.
It appears from -the undisputed facts that the appellant suffered an injury on April 21, 1947 and May 5, 1947, which was diagnosed as lead poisoning. Fie received compensation for these injuries. For the period of time beginning November 10th to November 16th, 1947, the appellant was again disabled. At the time of his last injury he was receiving a salary of $47 per week which was made up of a base pay of $29.40 for his services as a night watchman, and $18'extra for melting lead. *59 During the period of his disability he was paid his regular salary of $29.40 per week with deductions for Social Security and withholding tax by the employer, but he was not paid the $18 for extra work in melting lead.
The undisputed facts are that the appellant was paid full compensation'for his regular base pay for the period of time lost from November 10th to November 16th, 1947, by the employer and that a check was sent to the employer by the carrier which was payable to the employee for $14.70, dated January 9, 1948, and the same was eventually received, endorsed and cashed by the employee. It was received sometime between January 12th and February 3rd, 1948.
This practice, above mentioned, appears to have been observed with reference to the disability payments for April 21 and May 5, 1947'. -There was substantial evidence in the record to support the findings of the Deputy Commissioner to the effect that the usual practice of the employer was to pay an employee . full wages during a period of disability and to be reimbursed by the insurance carrier’s check to the extent of the amount of such check when it was received by the employee. Such findings of fact will not be disturbed on appeal. See U. S. Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741; Town of Crescent City v. Green, Fla., 59 So.2d 1; and Williamson v. Roy L. Willard, Inc., Fla., 59 So.2d 865.
The appellant’s claim for compensation was received by the Commission on January 11, 1950. Based upon the facts as hereinabove stated the question of law is: Was the payment of the above-mentioned check, dated January 9, 1948, the “last payment of compensation?” The Deputy Commissioner, the Full Commission and the Circuit Court answered this question in ' the negative. If they were correct, the two-year statute was not tolled and the claim of the appellant, received by the Commission on January 11, 1950, was too late.
.Section 440.19(1), F.S.A., provides that a workmen’s compensation claim must be filed within two years of the time of the injury, with one exception, which is:
“ * * * except that if payment of compensation has been made without an award on account of such injury or death • a claim may be filed within two years after the date of the last payment.”
In this case the payment was made by the employer without the formality of an award. Testimony shows that this was done by the employer in order that the employee might receive his wages promptly without' waiting to go through the formalities necessary in order for the payment to be made by the insurance carrier. The important question in ■ this case is whether or not the payment of compensation under the facts in this Case was the “date of the last payment”? This' last payment made by the employer was in November, 1947. The Judge of the Circuit Court in affirming the order of the Full Commission said:
“ * * * The employee had received his full compensation from his employer for this November period in 1947 for which the claim was filed in January 1950.
“The Supreme Court of Florida in the cases of Canada Dry Bottling Co. of Fla. v. White, [153 Fla. 70] 13 So.2d 595; Royer v. United States Sugar Corporation, [148 Fla. 537] 4 So.2d 692; and Dobbs v. Sea Isle Hotel, [Fla.,] 56 So.2d 341, has construed this Section of the Statute and has held that the payment of medical and hospital expenses within the period of limitations prescribed by the Statute did not extend the time for filing claims. Thus, I cannot see how the mere receipt of a compensation check within this period, for an accrued claim prior to the period, can extend the period for filing claims, expecially when the employee received his full compensation from his employer for the period covered. Therefore I am of the opinion that the finding and ruling of the Deputy Commissioner as affirmed by the Full Commission should be affirmed.”
*60 The fact that the. employer had adopted a humanitarian policy towards its employees and paid them promptly the wages to which they would have been entitled without waiting for the formality of a claim being filed, hearings held and an award being made, does not prevent the last payment made by the employer being the last payment of compensation due the employee. The fact that the employee in this case received, endorsed and cashed a check from the insurance carrier long after he had been paid by his employer the last payment for compensation due to him, did not extend the period of limitation. See Bulger v. Industrial Accident Commission of California, 218 Cal. 716, 24 P.2d 796; United Air Lines v. Industrial Commission, 364 Ill. 346, 4 N.E.2d 487; Anderson v. Jarrell, 157 Fla. 212, 25 So.2d 490; and Evans v. Los Angeles Ry. Corp., 216 Cal. 495, 14 P.2d 752.
Affirmed.
SEBRING, C. J., TERRELL, J., and WHITE, Associate Justice, concur.