79 So.2d 785 (1955)
Frank M. TOWNSLEY, Petitioner,
v.
MIAMI ROOFING AND SHEET METAL COMPANY, Florida Industrial Commission, Pacific Employers Insurance Company, and Manufacturers Casualty Insurance Company, Respondents.
Supreme Court of Florida. Division A.
April 29, 1955.
*786 Nichols, Gaither, Green, Frates & Beckham and Dudley Burton, Miami, for petitioner.
Wicker & Smith, Miami, for Manufacturers Cas. Ins. Co., Dixon, DeJarnette, Bradford & Williams, Miami, for Pacific Emp. Ins. Co. and Burnis T. Coleman and Rodney Durrance, Tallahassee, for Florida Industrial Commission, respondents.
ROBERTS, Justice.
This is a workmen's compensation case, in which the Deputy Commissioner found that the claimant, petitioner here, was entitled to compensation for a 10 percent permanent partial disability, plus a penalty of 10 percent for compensation due and unpaid as authorized by Section 440.20(5), Fla. Stat. 1953, F.S.A., and that the insurance carrier should be required to pay medical bills incurred by claimant for treatment of his injury. The Full Commission affirmed the award as to the medical bills (and no contention is here made that this was error), *787 but reversed it insofar as it awarded compensation and the statutory penalty to the claimant. It is this order of the Full Commission which we here review on certiorari.
The facts are, in brief, as follows. The claimant was employed by the Miami Roofing and Sheet Metal Company as a maintenance worker on its automotive equipment. He injured his back in July of 1950 and again in March of 1951. Although suffering considerable discomfort, he did not take any time off from his work except to go to the doctor for medical treatments. These treatments were taken with the knowledge and consent of the employer and were paid for by the employer's insurance carrier (except for those covered by the award, referred to above); they extended from the time of his first injury up to November of 1953, at which time his doctor found that he had reached his maximum recovery and had a permanent partial disability of 10 percent. Altogether, 84 treatments were given to the claimant, each of which consumed from one to four hours out of his working day. The claimant was not "docked" for the time taken off for this purpose and was paid his regular salary. If he worked overtime, he was paid for that in addition to his regular salary.
The claimant did not file a claim for workmen's compensation until May of 1954 which was, of course, more than two years from the date of either of his injuries. The question here is whether, under the circumstances outlined above, there has been a "payment of compensation" to the claimant within the meaning of Section 440.19, Fla. Stat. 1953, F.S.A., so that the limitation period prescribed therein did not begin to run until "the date of the last payment."
There can be no doubt that the payment of regular wages to a disabled employee during his absence from work because of the disability will be deemed to be "payment of compensation" within the intent of Section 440.19, supra. Sargent v. Evening Independent, Inc., Fla. 1952, 62 So.2d 58. This rule is based upon the theory that "when the employer has knowledge of the injury and does not deny liability, the employee has a right to regard the payments as having been made under the act and is not bound to make demand for further compensation as long as the payments are continued." United Air Lines, Inc. v. Industrial Commission, 364 Ill. 346, 4 N.E.2d 487, 488. And in City of Miami v. Portz, Fla., 58 So.2d 886, we affirmed without opinion an award to a claimant who suffered a back injury in February 1948, took eight days off from work, for which she was paid her regular salary, and thereafter "continued to do light work and was compensated by her regular wages during the time of her treatment and care," as found by the Deputy Commissioner. The back injury recurred in July of 1950 and she was unable to work for four weeks at that time. She was not paid during this four-week period. Her claim for compensation was filed September 11, 1950. The Deputy Commissioner found that the claim was not barred, and his award was affirmed by the Full Commission, the Commission stating in its order that "the statute of limitations has not run in this case, since full wages were paid and medical attention was furnished up to some time in November 1949." As noted, this court affirmed the order of the Full Commission in the Portz case without opinion.
It should also be noted that in Royer v. United States Sugar Corp., 1941, 148 Fla. 537, 4 So.2d 692, 693, this court held that "the fact of furnishing medical and hospitalization service to appellant is not `compensation' as contemplated by the Florida Workman's Compensation Act, so the claim brought in question is barred and the Florida Industrial Commission was without jurisdiction to consider and allow it." This holding was required by the provisions of our Workmen's Compensation Act which, like the Federal Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., makes a clear distinction between the employer's obligations to pay compensation and to render medical aid. See Section 440.13(3) (b), Fla. Stat. 1953, F.S.A.; Marshall v. Pletz, 317 U.S. 383, 63 S.Ct. 284, 87 L.Ed. 348. It might perhaps *788 be noted that, in other jurisdictions under their own particular Workmen's Compensation Acts, it is generally held that the payment of medical and hospital bills by the employer is pursuant to and in acknowledgment of his liability under the Act and that this constitutes a payment of compensation, or a waiver which suspends the running of the time for filing a claim for compensation. See the cases collected in the annotation in 144 A.L.R. beginning at page 617; Buecker v. Roberts, Mo. 1953, 260 S.W.2d 325; Wood v. Queen City Neon Sign Co., 282 App.Div. 106, 121 N.Y.S.2d 888; Duncan v. W.M. Davidson Const. Co., 1951, 170 Kan. 520, 227 P.2d 95; Schwarz v. Federal Shipbuilding & Dry Dock Co., 1954, 29 N.J. Super. 374, 102 A.2d 678; Meaney v. Keating, 200 Misc. 308, 102 N.Y.S.2d 514; Spicer's, Inc. v. Burk, Okl. 1953, 261 P.2d 222. No question of waiver by or estoppel against the employer as to the statutory limitation period was presented in the Royer case, as it affirmatively appeared that the medical services relied on in that case as tolling the running of the two-year limitation period were furnished to the claimant with the express understanding that no further compensation would be paid to him; and the holding of this court in the Royer case was eminently correct, under the facts there present.
It may, then, be taken as established law in this jurisdiction that (1) the payment of regular wages to a disabled employee during his absence from work because of the disability and (2) the payment of regular wages to a disabled employee who stays on the job but who, with the knowledge and consent of his employer, does light work because of his disability will be deemed to be the "payment of compensation" within the meaning of Section 440.19(2), supra; but that the furnishing of medical treatment, alone, will not be so considered. The facts of the instant case do not bring it squarely within any of the three situations mentioned above. The question here is whether the fact that the claimant was allowed to take time off in order to obtain medical treatments furnished by the employer and its insurance carrier, without diminution of his regular wage, constitutes "payment of compensation" under our Act or, as stated by some courts, a waiver by the employer of the statutory limitation period. We think the question must be answered in the affirmative, in view of our duty to give a liberal interpretation to the Act in favor of the claimant. And it should be noted, parenthetically, that this is not a question of the jurisdiction of the Commission over the claim, as indicated in Royer v. United States Sugar Corp., supra, since Subsection (2) of Section 440.19, Fla. Stat. 1953, F.S.A., expressly provides that objection to the timeliness of the claim must be made at the first hearing on the claim in order for the two-year limitation period prescribed in Subsection (1) of this section to bar the claim. It is simply a statute of limitations which may be waived by the employer, as in the case of any other limitations statute. Biddix v. Rex Mills, Inc., 1953, 237 N.C. 660, 75 S.E.2d 777.
It is not denied that the claimant received an injury in the course of his employment which permanently, although partially, disabled him. He was a "disabled employee" from the date of the injury, even though the extent of his disability was not finally determined until November of 1953. Canada Dry Bottling Co. of Florida, Inc. v. White, 1943, 153 Fla. 70, 13 So.2d 595. The responsible insurance carrier paid for his medical treatments, and reported these payments to the Florida Industrial Commission upon its standard form for "Injury Progress Report" under the Workmen's Compensation Act. His employer allowed him to take as much time off as necessary in order to receive medical treatments without "docking" his wages. Nowhere in the record here is it shown that the claimant was advised by his employer or by its insurance carrier that his claim for compensation for his disability, if and when the extent thereof was finally determined, would be controverted. Nor has his claim yet been controverted, except on the question of its timeliness.
*789 We can see no difference, in principle, between payments of his regular wages to an employee who takes several full days off from work because of a disabling injury and payments to one who keeps on working at his job, despite his disability, with time off only to obtain medical help which is furnished by the employer and its insurance carrier under the Workmen's Compensation Act. In either case, "the employee has a right to regard the payments as having been made under the act and is not bound to make demand for further compensation as long as the payments are continued." United Air Lines, Inc. v. Industrial Commission, supra.
We have not overlooked the contention of the insurance carrier that the payment of claimant's regular wage after his injury cannot be considered "payment of compensation for disability", since the evidence was that claimant performed his regular duties (except for lifting heavy objects) and "got the job done" despite the time spent away from work in going to the doctor. But it was also shown that if the claimant was compelled to work overtime to finish up a job, he received additional pay. We think then, despite the fact that the claimant "got the job done", that the claimant still had the right to assume that he was being allowed time off for medical treatments and paid his regular wage because of his employer's obligation to him under the Workmen's Compensation Act; that he was "not bound to make demand for further compensation" so long as this practice continued; and that the claimant's right to compensation for his permanent partial disability is not barred under the statute.
For the reasons stated, it was error on the part of the Full Commission to reverse the Deputy Commissioner's award and, accordingly, the writ of certiorari should be granted and the order of the Full Commission should be quashed with directions to enter an order affirming the order of the Deputy Commissioner.
It is so ordered.
MATHEWS, C.J., and TERRELL and SEBRING, JJ., concur.