STURGIS, Chief Judge
(dissenting).
I must dissent because I feel that the foregoing decision departs from controlling precedent and establishes new and radical .concepts that are not in keeping with the legislative intent or procedurally correct in administering the Workmen’s Compensation Law, F.S.A. § 440.01 et seq. Specifically :
(1)It ignores the fact that no “claim” for compensation alleged to be wrongfully withheld was filed within the statutory period limiting the time therefor, and that under the admitted facts the belated claim is not addressed to a legal duty but, if at all, to whether a gratuity should be extended beyond the donor’s intent and despite his wishes.
(2) It fails to give proper probative value to the unchallenged instruments executed by the employee on the form provided by the Commission and constituting a part of his case file before the Commission as well as before this court on this review, whereby he acknowledged receipt of all benefits to which he was entitled under the law, and which were provided without a formal claim therefor having been filed.
(3) It does not reflect by what authority the Florida Industrial Commission assumed jurisdiction, after the time for filing a “claim” had expired, to enter an order recognizing a stipulation between employer and employee, which stipulation unequivocally declared, in substance, that all benefits which the employee might then desire to receive were not payable as a matter of law because the claim of the employee was barred by the statute.
(4) It fails to give effect to the plain language of the stipulation, hereinafter set out in detail, which compels it to be construed as' not creating or recognizing any enforceable right in the employee and as preserving the' bar of the statute against the future 'assertion of a claim based on the injury theretofore finally compensated; and that its only purpose was to pinpoint the fact that the benefits referred to therein were entirely gratuitous.
(5) It fails to give proper probative value to the unchallenged instrument executed by the employee oil the form provided by the Commission, and .constituting part of his case file before the Commission as well as before .this court on this reyiew, whereby *597 he acknowledges receipt in full of the gratuities referred to in the stipulation.
(6) It ignores the fact that the first and only “claim” for benefits allegedly withheld, with which the Deputy Commissioner, the full Commission and this court are concerned, was not filed with the Commission until more than eighteen years following the compensable injury, and that when the claim was filed more than seventeen years had elapsed since the employee formally acknowledged final receipt of all benefits accruing as a result of the injury referred to in the claim; further, that the claim was not filed until approximately ten years after the employee formally acknowledged receipt of all the gratuities mentioned in the stipulation.
(7)' It stands for the proposition, novel In practice and procedure, that if the party seeking appellate relief fails to do so, his adversary must, under pain of further litigating the cause, see to it that the record ■on appeal contains the original or a transcript of every document in the case file that is referred to in the orders and decrees •of the trial forum or intermediate body; that the accuracy of the factual statements recited therein will otherwise be resolved against their conclusiveness, if not verity. By that token it destroys the presumption ■of accuracy with which the factual recitations of orders and decrees have been ■clothed down the years, and which require appellate courts to accept them as true in the absence of a challenge directly initiated in the issuing forum followed by an adverse ruling thereon and such ruling made an issue on appeal.
(8) It renders meaningless the legislative concept that the Workmen’s Compensation Law is designed to be self-executing and that it is to be administered on the basis of the facts reflected by the official file' of each case kept by the Commission pursuant, to statute and regulation.
In order to present my views, it is necessary to relate the facts and their order of occurrence in greater detail than as stated in the majority opinion.
The compensable injury occurred on March 10, 1939. Five days later the employee and employer executed an agreement on the standard form of the Commission recognizing the injury as compensable and fixing the amount to be paid weekly from March IS, 1939 until terminated in accordance with law. On April 27, 1939 a duplicate original of the agreement was filed in the office of the Florida Industrial Commission, Workmen’s Compensation Division.
Under the administrative procedure of that agency claims are separately processed and all documents filed with the Commission and having any bearing on a particular claim are channeled into a single file which is the official record of the claim. The mentioned agreement and the other instruments hereinafter referred to are part of the Commission’s official file on this claim and are included as part of the record before this court.
On October 15, 1939, the employee furnished the employer a receipt, using the standard form of the Commission, acknowledging final settlement and satisfaction of all claims arising by virtue of the subject injury and that on October 4, 1939 he returned to work at the full weekly wage.
Nothing further appears until May 29, 1947, when there was filed with the Commission a stipulation between employee and employer as follows:
“That on March 10, 1939 John Green Hodges was employed by the State Road Department of Florida as a laborer at a weekly wage of $13.75; that the said John Green Hodges was injured on March 10, 1939 while performing his duties as an employee of the State Road Department; that as a result of said injury he suffered a broken left leg; that the State Road Department of Florida paid to the said John Green Hodges the total amount *598 of $219.24 in workmen’s compensation benefits at the rate of $7.56 per week for a period of 29 weeks, the date of the final payment of workmen’s compensation being October 15, 1939; that the State Road Department paid medical and hospital bills as a result of this accident amounting to $468.40.
“It is further stipulated and agreed that a period of more than one year has elapsed since the date of the final payment of workmen’s compensation and medical hills, and that under the Workmen’s Compensation Act of the State of Florida the statute of limitations would bar the said John Green Hodges from any further claim as a result of the above mentioned injury. It is stipulated and agreed, however, by the State Road Department that it is willing to waive the statute of limitations for the sole purpose of providing an operation on the said John Green Hodges’ leg, the total medical and hospital expenses to be paid by the State Road Department of Florida.
“It is further stipulated and agreed that the State Road Department of Florida is willing to pay to the said John Green Hodges zvorkmen’s compensation benefits on a temporary total basis for a reasonable period of time during the recovery of the said John Green Hodges from his operation or until competent medical authority shall state that the said John Green Hodges is able to return to work. It is stipulated and agreed by the said John Green Hodges that he waives all rights to further claim for additional workmen’s compensation benefits for permanent partial disability.” (Emphasis supplied.)
This stipulation was referred to a deputy commissioner who on May 29, 1947 entered an order which embodied and approved the stipulation and directed the employer to comply therewith.
The employer thereafter served written notice on the employee to the effect that the payments provided for by the mentioned stipulation had been discontinued as of October 12, 1947 for the reason that the disability had terminated, and a duplicate of the notice was filed with the Industrial Commission on November 29, 1947.
On December 15, 1947 the employer filed with the Commission, using its standard forms for the purpose, an injury progress report, final settlement report, and a final report and settlement receipt. The latter is signed by the employee and acknowledges that pursuant to the mentioned stipulation the employee had received total compensation payments of $338.94 and the employer had paid $1,169.77 for hospital, medical, and other expenses incident to the operation covered by the stipulation, and that he was able to return to work and did so on October 13, 1947. The payments therein specified are in addition to those covered by the receipt of October 15, 1939.
There next appears a letter dated January 27, 1948, addressed by employee’s attorney to a deputy commissioner, advising that complications had developed and seeking advice as to how the claim might be “reopened so that further treatment may be had.”
Under the informal practice of the Commission in the handling of such matters, this letter resulted in a hearing before the Deputy Commissioner who, on March 18, 1948 entered an order which recites that the parties had stipulated to continue the hearing until the employee could be examined by a named doctor, that the file should be returned to the Commission until such examination could be made and the parties could negotiate toward settlement, that if settlement was reached an additional stipulation should be submitted to the Deputy Commissioner, and that if none was reached, another request for hearing would be made. On that stipulation, the order continued the hearing for a period of one *599 year from February 13, 1948, and pending such time as a stipulation should be submitted or another request for a hearing should be made by the employee.
Nothing further appears until on August 7, 1957, when the employee filed a “Claim for Compensation” on the standard form of the Commission. This document reflects that on July 26, 1957 the employer by letter terminated the payments. The record here does not contain a copy of that letter. Looking to the substance rather than the form of this document, it is apparent that it is simply an application to the Commission for the exercise of its powers to force additional compensation to be paid to the employee pursuant to the stipulation filed December 14, 1939.
The matter was again referred to a deputy commissioner who scheduled a hearing, whereupon employer’s motion to dismiss the claim was granted, the grounds of the motion being:
“1. That the claim is barred by the limitation of Section 19(a) of the Florida Workmen’s Compensation Act (as amended, 1937) in effect at the time of the Claimant’s injury on March 10, 1939.
“2. That modification of any award is barred by the limitation of Section 28 of the Florida Workmen’s Compensation Act (as amended, 1937) in effect at the time of Claimant’s injury on March 10, 1939.
“3. That to do otherwise than to dismiss the claim of John G. Hodges would impair the obligations of contract in violation of the Constitutions of the State of Florida and of the United States.
“4. That the Order of Deputy Commissioner Guyte P. McCord, Jr. dated May 29, 1947, which is by this reference made a part of this Motion to Dismiss, shows that the claim of John G. Hodges is barred by the limitations of the Workmen’s Compensation Act in effect at the time of Claimant’s said injury.
“5. The Orders of May 29, 1947 and March 18, 1948 heretofore entered in this cause are invalid as they are contrary to the Act, contrary to the public interest and the agents of the State Road Department of Florida have exceeded their authority in agreeing to the terms embodied in said Orders.”
The order dismissing and denying the claim is in terms predicated on the facts contained “in the file” and in the above mentioned Deputy Commissioner’s order of May 29, 1947.
The majority does not specify, as indeed it cannot, anything of a material character that is stated in the orders of the Deputy or of the Full Commission and which is not fully supported by that part of the official file of the Commission making up the record before this court on this review. It would be of no moment, however, if such a record here should fail to include some material part of the Commission’s file that is referred to and relied upon as a predicate for the orders of the Deputy or Full Commission. This is so because it is a commonplace principle of law that in the absence of an attack in the forum from which an order or decree emanates, challenging the accuracy of facts recited therein concerning the case file and its disclosures, coupled with an adverse ruling on such challenge that is made an issue on appeal, the appellate court accepts such recitations as true and will not permit them to be initially challenged on the appeal by the simple expedient of an argument, orally or by brief. Indeed, the petitioner here does not allege as a ground for review that the recitations of the subject orders are incorrect in any particular. Had he done so, the burden of establishing such would have rested on him.
The order of the Deputy Commissioner dismissing the claim recites the occurrence of events and their nature as reflected by *600 the official file of the Commission. It recites inter alia that the file “indicates that the employer has furnished the claimant with certain medical treatment and supplies from the date of the operation to or about July 30, 1957” and that, “The cost of the operation and all medical treatment and supplies furnished to the claimant since the date of the injury on March 10, 1939, greatly exceed $500.00.” The Deputy Commissioner also found that the employer “has provided medical services in excess of the $500.00 maximum allowed by Section 13(C) of the Workmen’s Compensation Act in effect at the time of claimant’s injury on March 10, 1939,” and his order contains the following conclusion of law:
“Based upon the facts contained in the Deputy Commissioner’s order of May 29, 1947, and in the file, it is the opinion of the undersigned Deputy Commissioner that this claim is barred by the Statutes of Limitation and that the employer properly and timely raised the Statutes of Limitation at the first hearing before the Deputy Commissioner in 1947, which was the first time this claim had been before the Industrial Commission.”
In passing on that order the Full Commission also had recourse to all of its file on the subject and its order refers to certain facts shown by its case file which are not independently supported by the expedient of sending to this court, as part of the appeal record, the particular document upon which every recitation of the order is predicated. Since when has it become necessary to send up the entire record?
The Full Commission’s order makes the following pertinent observations with which I am in complete accord:
“By an examination of the Commission file, the Deputy could ascertain the last payment of compensation and the amounts expended by the employer for remedial treatment. Even if providing claimant with Tight work’ after October 4, 1939, was equivalent to payment of compensation, this ceased when claimant left the employment of the employer in 1942. Thus, when the stipulation was made in May 1947, it had been at least four years since the employer last provided claimant any benefit under the Act, either compensation or medical, and therefore any claim under the Act was long since barred, which fact was recognized by the stipulation and order approving same. All medical benefits provided claimant pursuant to the stipulation and further subsequent medical treatment provided but not contemplated by the stipulation, should be deemed gratuitous and not construed to revive any claim rights. Likewise, the ‘compensation’ paid claimant from June 24, 1947, to October 11, 1947, while recovering from the operation, should be deemed gratuitous and not construed to start the statute of limitations running all over again. In our opinion, it was not necessary to take testimony to determine whether subsequent to October 1947 the employer provided claimant with Tight work’ and allowed him time off without loss of pay to have medical treatment, as such actions by the employer were not equivalent to ‘payment of compensation’ but merely benevolent acts. The stipulation and order of May 1947 were intended to give an appearance of legality to certain expenditures which the Road-Department was willing to make but for which it considered it had no legal basis.”
I suggest that the decision of the majority is in direct conflict with Canada Dry Bottling Co. of Florida, Inc., v. White, 153 Fla. 70, 13 So.2d 595, 596, which is the landmark case interpreting the statutory bar to the filing of a “claim” under the Workmen’s Compensation Law. The employee there was injured on July 13, 1938 and lost no time from work, but the employer, without making compensation payments, voluntarily furnished medical benefits to *601 December 1938. The injury grew progressively worse and as a result the employee was discharged because of inability to perform his work. After the expiration of the time limited by the statute, the employee filed a claim for compensation and further medical treatment. An order of the Deputy Commissioner awarding such benefits was approved by the Full Commission and on appeal affirmed by the Circuit Court, which at that time had initial appellate jurisdiction of such appeals. On appeal to the Supreme Court the judgment of affirmance was reversed because the claim was not filed within the time provided by the statute. In so holding the Supreme Court said:
“It may be that this interpretation will work harshly in the claimant’s case but if any other rule is adopted there will be no end to the time claimants may invoke the aid of the Commission. It is essential for the protection of those who pay their earnings to the Commission and thus acquire a stake with it to fix some limitation on the time of filing claims. Whether one year[1] is proper is a question for the legislature to say. A great many cases support this reasoning but we deem it so academic that it is unnecessary to cite them.”
The cited case was fully adhered to in Dobbs v. Sea Isle Hotel, Fla.1952, 56 So.2d 341, which further held that the statute limiting the time for filing the “claim” may be invoked by the employer or carrier in the face of failure to perform statutory ditties that subject them to civil penalties under the Workmen’s Compensation Law. The rule should apply in a much stronger sense when, as in the case on review, the' employer has simply made gratuitous payments and furnished gratuitous remedial benefits, rather than under a recognized liability.
The Industrial Commission correctly concluded that the benefits furnished pursuant to the stipulation were gratuitous. That being so, and having it in mind that the Workmen’s Compensation Law is designed to be self-executing and that the running of the time allowed by the statute for filing a claim operates as a complete bar to its enforcement, it follows that all of the acts of the Commission by which it purported to recognize the stipulation and make pronouncements thereon were utterly void. The jurisdiction of the Commission to act on a claim does not extend beyond the bar to the time within which it may be filed.
Neither can the parties by their act breathe life into a claim once barred under the statute, as was the case when the stipulation in question was filed. Indeed, the stipulation admitted the bar and its only purpose, from the standpoint of the employer, was to express the fact that what it was willing to do was in fact a gratuity and to retain the bar to any enforceable claim.
In summary, I am persuaded that it affirmatively and conclusively appears that following the compensable injury the claimant returned to work on October 4, 1939 at the full weekly wage; that on October 15, 1939 he formally acknowledged that he had received final - settlement and satisfaction of all claims arising by virtue of the injury. There is no showing of any claim having been made in the interim between that date and the filing of the stipulation that conclusively recognized that the claim is barred by the statute. Giving effect to the clear language of the stipulation and recognizing the statutory bar, the untimely claim filed on August 7, 1957 was in my opinion properly dismissed.
I would deny certiorari.

. The statute now allows two years in which to file claim.