HORTON, Chief Judge.
Berke Displays, Inc., and its insurance carrier seek review by certiorari of a compensation order of the Florida Industrial Commission. The claimant, John S. Mick, was the victim of five industrial accidents during approximately four years of employment with Berke Displays, Inc. During this period of time, the employer had insurance coverage with three different carriers. A list of the claimant’s accidents, with dates and coverage, are:
Accident Date Coverage
#1 May 16, 1953 United States Fidelity & Guaranty Co.
#2 December 13, 1954 United States Fidelity & Guaranty Co.
#3 May 30, 1956 London Guaranty & Accident Company, Ltd.
#4 January 21, 1957 American Surety Company of New York
#5 July 8, 1957 American Surety Company of New York
The deputy commissioner found the first accident bore no causal relationship to the claimant’s present condition, but such condition was a result of the last four accidents. A question as to the applicability of the statute of limitations to the second accident was raised. At the time of this accident (December 13, 1954) there existed a two-year statute of limitations, F.S.A. § 440.19, and on July 1, 1955, a three-year statute of limitations, Laws 1955, c. 29778, § 4, went into effect. On July 1, 1957, by an amending act, Laws 1957, c. 57-192, § 1, the statute reverted back to the two-year statute of limitations. This claim was filed on September 9, 1957.
The deputy found that the claimant was under treatment for the second accident until July, 1955 and therefore, the statute of limitations did not begin to run until that date. Since the statute was changed July 1, 1955 to three years, the deputy reasoned that the second accident would be governed by the three-year period. Thereupon, the deputy found that the claimant’s condition was the result of the last four accidents which contributed equally to his disability and ordered the carriers to pay temporary total disability in the following proportions:
United States Fidelity & Guaranty Company: 25%
London Guaranty & Accident Company, Ltd.: 25%
American Surety Company of New York: 50%
*427 Both United States Fidelity & Guaranty Company and London Guaranty & Accident Company, Ltd., filed applications for review of said order before the full commission; however, the application of London Guaranty & Accident Company, Ltd., was dismissed as untimely. Upon review, the full commission held that the deputy was in error in (1) applying the three-year statute of limitations to the second accident, and (2) in holding the insurance carriers on the second and third accidents responsible for payment of a portion of the temporary total disability benefits.
As to the former, the commission found that the last payment of compensation and the furnishing of remedial treatment occurred in December, 1954 as opposed to the deputy’s finding of July, 1955. As to the latter, the commission found that since the claimant was temporarily totally disabled, it was the result of the last accident occurring July 8, 1957, or at best, that the last accident was a manifestation of a previous injury and that his disability was the result of the accident of January 21, 1957 as opposed to the deputy’s finding that the claimant’s present condition was a result of the last four accidents.
Upon the aforesaid findings, the commission then held, as a matter of law, that the claim against the respondent, United States Fidelity & Guaranty Company, was barred by limitation on July 1, 1957, and further, that since the deputy commissioner was concerned only with temporary disability, that the petitioner, American Surety Company, as a matter of law, would be responsible for benefits resulting from the temporary disability.
The petitioners urge that the full commission erred in applying the 1957 statute of limitations to the second injury, and that otherwise the commission failed to correctly apply the substantial evidence rule and comply with the essential requirements of the law. We conclude that there is merit in both contentions.
We have diligently searched the record of the proceedings before the deputy commissioner and fail to find any evidentiary basis to substantiate his finding that the last remedial treatment the claimant received as a result of the second accident (December 13, 1954) was furnished through the month of July, 1955. Likewise, we find no basis in the record whatsoever for the commission’s finding that the last payment of compensation and furnishing of remedial treatment as a result of the claimant's first two accidents occurred in December, 1954. As a matter of fact, the commission’s findings are more improbable under the circumstances, and certainly impossible of verification from the record, than the findings of the deputy commissioner on the same point. The second accident occurred on December 13, 1954, and the treating physician, Dr. Gamsi, testified from the records of his office, that he treated the claimant as a result of the second accident up to and including May 7, 1955. It is obvious from the above that the deputy and the full commission made contrary findings from the same record.
It is incumbent upon the deputy to make findings of fact before the entry of a compensation award. See § 440.25(3) (b), Fla.Stat., F.S.A. The commission is then limited to a review of these findings in order to determine whether they are supported by competent substantial evidence. If the record is insufficient to support the deputy’s findings, the commission should remand the cause to the deputy for further findings but cannot make independent findings based upon its review of the record. Ball v. Mann, Fla.1954, 75 So.2d 758; Foxworth v. Florida Industrial Commission, Fla.1955, 86 So.2d 147.
It appears from the order of the commission that the last payment of compensation and furnishing of remedial treatment was in December, 1954, notwithstanding the fact that the deputy found this date to be July, 1955. Accordingly, this question *428 '•should have been remanded by the commission for further finding’s of fact by the deputy.. ,
As to that portion of the commission’s order finding the deputy commissioner to be in error when he held the insurance carriers on the second and third accidents responsible for payment of a portion of the temporary total disability awards, we likewise conclude that the commission thereby exceeded its authority under the law and invaded the statutory prerogatives of. the deputy. In substance, the commission simply took issue with the deputy’s • findings that the claimant’s condition was the result of the last four accidents which contributed equally to his disability, and found instead that the claimant’s disability was occasioned ■ by the last accident on July 8, 1957, or that the last accident was a manifestation of a previous injury resulting from the fourth •accident on. January 21, 1957. Since the petitioner, American Surety Company, was the carrier during the time when the claimant sustained the fourth and fifth injuries, then the commission reasoned that the. sole responsibility for temporary total disability benefits should be borne by that carrier. The record before the deputy on this question of fact is'not without conflict; however, it appears that there was substantial -evidénce to support him on the question of causation. ’ • r
Since it will be necessary for the .'deputy .to reconsider the date of the last payment of compensation and furnishing of remedial treatment, we conclude that the portion of the commission’s order which overruled the deputy on the question of, the applicability of the statute of limitations question should be quashed. The applicability of the statute of limitations will be governed by "the deputy’s subsequent finding as to tb¡e date of the last payment of compensation and furnishing of remedial treatment. Upon a reconsideration of this cause, we suggest the deputy consider the opinions of the Supreme .Court of Florida in Townsley v. Miami Roofing & Sheet Metal Company, Fla.1955, 79 So.2d 785, and Walter Denson & Son v. Nelson, Fla.1956, 88 So.2d 120, relative to the statute of limitations.
Accordingly, certiorari is granted and the order of the full commission is quashed with directions to remand the cause to the deputy for further proceedings not inconsistent herewith.
CARROLL, CHAS., J., and DREW, E. HARRIS, Associate Judge, concur.