M. W. JOHNSON, S. P. STEED, AND RAFAEL RAMOS, *Peti-tioners,* v. EVARISTO FERNANDEZ, *Respondent.*

### Opinion Filed April 13, 1920.

Orders of a county court granting motion in arrest of judgment and vacating the verdict and judgment entered in a cause, are not reversible on writ of error to the Circuit Court, and a judgment of the Circuit Court on writ of error improperly directing a judgment to be rendered by the county court will be quashed on writ of certiorari issued from this court.

A case of original jurisdiction.

Judgment quashed.

*E. L. Bryan* and *Dickenson & Dickenson,* for Petition-ers;

*Alonzo Wilder,* for Respondent.

WHITFIELD, J.—From a transcript of the record sent here in response to a writ of certiorari issued from this court, it appears that an action was brought on a constable's official bond in the county court for Hillsborough County by Evaristo Fernandez against M. W. Johnson, as constable of the 32nd Justice District of Hillsborough County, Florida, and S. P. Steed and Rafael Ramos as sureties; that the defendant, M. W. Johnson, filed a demurrer going to the sufficiency of the declaration; that an entry of a judgment by default was made against the defendants, S. P. Seed and Rafael Ramos; that at a term of the county court a verdict and judgment for the plaintiff were rendered against S. P. Steed and Rafael Ramos; that the county court granted a motion in arrest of judg-

ment, and a motion for new trial and a motion to vacate and set aside the verdict and judgment. A writ of error was taken by the plaintiff to the Circuit Court, and on such writ of error the Circuit Court reversed the orders granting the three motions above mentioned and directed that a stated amended final judgment be entered by the county court.

A writ of error lies only to a final judgment or to an order *granting* a new trial. If the writ of error taken was authorized by law the Circuit Court had no jurisdiction to review the orders of the county court, arresting the judgment and vacating the verdict and judgment theretofore entered in the cause. It is manifest that the county court granted the motions referred to in order that appropriate proceedings might be had in the cause as the law requires.

The judgment of the Circuit Court is quashed and the cause stands for further proceedings in the county court.

It is so ordered.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.