**WALTER ANDERSON and FLORIDA INDUSTRIAL COMMISSION v. FRANK JARRELL and/or his Agent, W. D. JARRELL.**

25 So. (2nd) 490                                                    January Term, 1946
March 29, 1946                                                              Division A

*T. C. Cork,* for Walter Anderson and *Raymond Barnes* and *Guyte P. McCord, Jr.,* for Florida Industrial Commission, appellants.

*J. C. Getzen, Jr., J. W. Hunter* and *Carroll W. Fussell,* for appellee.

BUFORD, J.:

This is a proceeding under the Workmen's Compensation Act. Claim was first filed against W. D. Jarrell claiming compensation for injuries which were alleged to have occurred on the 1st day of November, 1943, as the result of an accident in a saw-mill which was then being operated by W. D. Jarrell when the claimant was employed by the said W. D. Jarrell as a laborer in said saw-mill and which injury was alleged to have occurred in the course of his employment.

Hearing was had before a Deputy Commissioner who granted an award. Appeal was taken to the full Commission; the award was affirmed, whereupon appeal was taken to the Circuit Court.

The Circuit Court reversed the judgment of the full Commission and Deputy Commissioner upon the ground that the record showed that the saw-mill in which claimant was injured was the property of Frank Jarrell and that W. D. Jarrell was operating the saw-mill as the agent and employee of Frank Jarrell who was then absent in the armed services of the United States.

On November 13, 1944, an amended claim was filed in which it was alleged:

"That on and prior to the first day of November, 1943, the said Walter Anderson was an employee of Frank Jarrell, at a saw-mill owned by the said Frank Jarrell and being operated by W. D. Jarrell, his agent. That said sawmill was located in Lake County, Florida, about eight miles south of Groveland, near State Highway No. 2.

"That on the first day of November, 1943, the said Walter Anderson was injured by an accident happening to him and arising out of his employment at said sawmill, wherein his hand came in contact with the saw, the first, second and third fingers were entirely cut off and the fourth finger injured to such an extent as to be useless."

On January 12th 1945 a notice was directed by Florida Industrial Commission, by George B. Carter, Deputy Commissioner to:

"Employee, Walter Anderson, P. O. Box 341, Groveland.

"Florida Employee's Attorney: Mr. T. C. Cork, Clermont.

"Florida Employer: Mr. Frank Jarrell, Groveland, Florida and/ or by his agent Mr. W. D. Jarrell, P. O. Box 85, Groveland, Florida.

"Employer's Attorneys: Mr. J. C. Getzen, Jr., Bushnell, Florida; Mr. Carroll W. Fussell, Bushnell, Florida; Mr. J. W. Hunter, Tavares, Florida."—advising that a hearing would be held in the case "at the second floor room of the City Hall in Groveland, Florida, at ten o'clock A. M. on Tuesday, January 23rd, 1945." Hearing was held, pursuant to this notice by

Giles F. Lewis who had in the meantime succeeded George B. Carter as Deputy Commissioner. The Deputy Commissioner made an award in favor of the claimant.

On appeal to the full Commission the award was affirmed. From the judgment of the full Commission appeal was taken to the Circuit Court and on October 17th 1945, the Circuit Court reversed the order of the full Commission and dismissed the claim. In that judgment the Circuit Court, inter alia, said: "that on November 13, 1944, more than one year after the happening of the said injury, an amended claim for compensation was filed in said cause, which for the first time named and made a party thereto the said Frank Jarrell; that no notice of said amended claim has been served or attempted to be served upon the said Frank Jarrell, and that the only notice attempted to be served upon the said Frank Jarrell was a notice of Hearing for the taking of testimony herein, which was sent by registered letter addressed to Mr. Frank Jarrell, Groveland, Florida and/or his Agent, Mr. W. D. Jarrell, P. O. Box 85, Groveland, Florida; that said Notice was not received by the said Frank Jarrell nor was it mailed to the last known address of the said Frank Jarrell, which was disclosed to the claimant and to the Commission at the time of hearing and was available to them upon request at all prior dates subsequent to said injury and after argument of counsel and the Court being fully advised in the premises, It IS, THEREFORE, THE ORDER AND JUDGMENT of this Court that the Order of the Florida Industrial Commission affirming the award as made by the Deputy Commissioner, be and the same is hereby reversed, and said claim is hereby ORDERED DISMISSED."

The record shows that subsequent to the said accident and before any award was entered the employer, through his authorized Agent, paid the claimant compensation for a period of six (6) weeks at $20.00 per week. Section 440.19 Fla. Statutes, 1941, sub-paragraphs 1 and 2, is as follows:

"The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the time of injury, and the right to compensation for death shall be barred unless a claim therefor is filed with-

in one year after the death, except that if payment of compensation has been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment. Such claim shall be filed with the commission.

"(2) Notwithstanding the provisions of sub-section (1) failure to file claim within the period prescribed in such subdivision shall not be a bar to such right unless objection to such failure is made at the first hearing of such claim in which all parties in interest are given reasonable notice and opportunity to be heard."

It having been made to appear in the record that compensation was paid to the claimant by the employer, through his authorized Agent, for a period of six weeks after the accident occurred and prior to an award having been made, the time in which the claim could be presented was extended for at least six weeks after the expiration of one year from the date on which the accident occurred and as the accident occurred on November 1st 1943, the time for filing the claim did not expire until six weeks after November 1st 1944.

So the Court was in error in holding that the amended claim of November 13th was barred by the limitations of the statute.

The record does show, however, that no notice of hearing was served on the employer, although one was directed to him. The giving of the notice of hearing, however, was a duty which devolved upon the industrial commission and not upon the claimant.

It is true that Sec. 440.18 requires notice of the injury or death, as the case may be, to be given the Commission and to the employer, but sub-paragraph 4 of that section provides as follows:

"(4) Failure to give such notice shall not bar any claim upon this chapter (a) if the employer (or his agent in charge of the business in the place where the injury occurred) or the carrier had knowledge of the injury or death and the commission determines that the employer or carrier has not been prejudiced by failure to give such notice, or (b) if the commission excuses such failure on the ground that for some

216

satisfactory reason such notice could not be given; nor unless objection to such failure is raised before the commission at the first hearing of a claim for compensation in respect of such injury or death."

The record shows that the Agent of the employer in charge of the business in the place where the injury occurred had immediate notice of the injury and, therefore, this case comes within the purview of the last quoted paragraph.

Our conclusion is that the only material error disclosed by the record is that the hearing before the Deputy Commissioner was had without notice thereof having been served upon the employer and that this failure to procure the service of such notice was chargeable to Industrial Commission and not to the claimant. Therefore, the judgment of the Circuit Court should have been to reverse the award because of this failure and to require the Commission to serve notice of hearing before a Deputy Commissioner on both the claimant and the employer and pursuant to such notice to re-hear and determine the issues.

For the reasons stated, the judgment appealed from is reversed with directions.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.