J. H. MEEHAN, d/b/a MEEHAN PAINTING COMPANY and AMERICAN FIRE AND CASUALTY COMPANY, v. J. I. CROWDER and FLORIDA INDUSTRIAL COMMISSION.

28 So. (2nd) 435
December 20, 1946
Rehearing denied January 13, 1947

June Term, 1946
Division A

362

*Maguire, Voorhis & Wells,* for appellants.

*John D. Shepard,* and *Raymond E. Barnes,* for appellees.

ADAMS, J.:

Prior to the 9th, 10th and 11th of August, 1943, J. I. Crowder was in good health. On those dates he was directed by his employer to wash the interior of a building with a solution of bichloride of mercury. Crowder had been a painter for many years but had no previous experience or knowledge of the dangerous nature of the mercury solution. The only warning given was not to get the solution in his mouth. The building was not ventilated. The weather was hot and mosquito bites were plentiful. All conditions were favorable for the poisonous fumes to penetrate the body and blood stream of Crowder during the three day period. On the 20th of August Crowder complained to the foreman on

the job and requested relief under the Workmen's Compensation Law. The foreman rejected the claim because Crowder had suffered no accident. Crowder's condition continued to grow worse. In December following, his teeth became loose, his gums became red and swollen, his fingers and finger nails turned brown. From all appearances he was a very sick man. Soon thereafter the doctors diagnosed this ailment as nephritis or "Bright's Disease," caused by the absorption of bichloride of mercury. The symptoms, pain and swelling of the ankles, began to appear about a week after using the solution. He continued to suffer headaches and a rash broke out on his neck and face.

The deputy commissioner commented:

"But in the case under consideration Mr. Crowder did not use the mercurial solution through an accident and there was no 'accident' as defined in the Shepard case cited above. There was no time that I can find from the testimony at which Mr. Crowder knew that he was sustaining an injury, and he did not suspect that he was sustaining an injury arising out of and by reason of his employment until December 1943 after his exposure in August of 1943.

"My conclusion is, and I find, that if nephritis or Bright's Disease was caused by the exposure to bichloride of mercury, it was a natural and not unexpected or accidental result; and if it was caused by mercurial poisoning, the action was so slow until the results cannot be definitely traced to the exposure of the bichloride of mercury."—and dismissed the case.

The full commission reversed the deputy commissioner upon authority of Rayonier, Inc., a Corporation, et al. v. Jane O. Lang, 153 Fla. 396, 14 So. (2nd) 569. On appeal the circuit court affirmed the commission and the employer and carrier have now appealed.

The question, which has claimed the most attention throughout this case, is whether the injury was caused by an accident as contemplated by our Workmen's Compensation Act. It is, perhaps, unfortunate that we did not write an opinion in the Lang case, supra. At that time we thought it was a border line case as will appear by the number of dis-

senters. Since then we have had occasion to detail the essential facts in it which actuated our judgment. See S. H. Kress & Co. et al. v. Burkes, 153 Fla. 868, 16 So. (2nd) 106. We have not seen fit to recede from it and from our study of this case and the multitude of authorities cited we are more than ever convinced of the correctness of our ruling although we recognize that it is a border line case.

The point is made that Crowder did not use the poisonous solution through an accident. That is not important. Neither did Lang use the coal tar paint by accident. Quite the contrary in both cases. Neither will recovery be precluded because reputable medical testimony is introduced to show that the ill effects would have appeared sooner if the injury had been caused by the mercury poison. The trier of the facts found that the workman was subjected to peculiar conditions, namely: being enclosed without ventilation in hot weather causing the pores of his skin to open; mosquitoes puncturing his skin, all of which allowed the fumes to readily penetrate his body. He was a strong and well man before then. The period of time for the poison to react would naturally depend somewhat on the degree of physical resistance of the individual, as well as the peculiar conditions surrounding the exposure.

It is strenuously urged that the element of time, place and cause must be clearly proven. Such is the rule. The evidence is abundantly clear that the cause of Crowder's ailment is mercury poisoning. Without question the poison was absorbed in the Link Trainer Building on the dates of August 9th, 10th and 11th, 1943. This satisfies the rule. It is objected that Crowder is unable to identify some event which preceded the injury. The event here is the sudden entry of the poison fumes into Crowder's body. The injury followed. The nature of this case convinces us of the wisdom of our judgment in the Lang case, supra, because here, as in that case, the victim had no way to recognize the event. Neither of the five senses will detect the fumes of mercury poison. In fact, the damage to the blood stream and kidneys is painless. The victim's first knowledge is when and after the injury has been done.

Appellants challenge the proof to uphold the findings. They claim that the disease of Crowder's might have been caused from other or natural causes; that the commission and circuit court simply elected to place the responsibility on appellant, consequently the finding is based only on conjecture. With this we do not agree. Conjecture may be said to be a supposition without a premise of fact. We are satisfied that this judgment rests upon an inference of liability which is sustained by the premise of facts to be found in the above detailed statement, namely; Crowder was well immediately preceding the 9th, 10th and 11th of August. He was sick soon after. During those three days he was exposed to a highly dangerous solution which undoubtedly would cause the kind of illness of which he soon became a sufferer. The evidence shows a natural sequence of events based on facts from which liability can be inferred.

The point is made that no notice was given as required by Sec. 440.18 Fla. Stat. 1941, F.S.A. Within about ten days after the exposure Crowder made complaint to the foreman and asked for relief under the Workmen's Compensation Act. The foreman rejected the claim saying Crowder had sustained no accident. In December, 1943, written notice was given, failure to give written notice is not a complete bar to recovery. See Anderson v. Jarrell, 157 Fla. 212, 25 So. (2nd) 490. The commission's order, as well as the judgment before us, is challenged because they did not specifically find that the employer and carrier were not harmed by failure to given written notice. Some courts have made such requirement. We are not in accord with that view. The fact that the commission entered the award for claimant necessarily showed that the commission was satisfied as to every essential requisite to sustain the finding. The burden of showing harmful error is thereafter with him who challenges the award.

Finally it is urged that Crowder was only partially disabled and the judgment is erroneous in that he was allowed permanent disability. This is a question of fact and from our study of the evidence we are not justified in disturbing the judgment.

The judgment is affirmed.

CHAPMAN, C. J., TERRELL, BUFORD and ADAMS, JJ., concur.

28 So. (2nd) 426 · June Term, 1946
December 20, 1946 Division A