WIGGINTON, Chief Judge.
Petitioner, a claimant under the Workmen’s Compensation Act, seeks review by certiorari of an order entered by the Full Commission reversing the compensation award of its Deputy Commissioner, and ordering that the claim be dismissed.
It appears from the record that on June 12, 1958, claimant was employed as a laborer by the respondent pulpwood producer and that while engaged in the course of his employment he attempted to step across a log while carrying a heavy chain saw on his shoulder. The log was covered with vines which apparently caused claimant to stagger off balance as he passed over it. At that instant claimant felt a sharp pain in his back and after putting the saw down the pain increased to the extent that he was unable to work any longer during that day.
Subsequent to the injury to his back, claimant was unable to return to work, and within two weeks he consulted a doctor who diagnosed his injury to be a lumbar sprain. The claimant was also found to be suffering from a slight sciatic and a hypertfophic arthritis of the lumbar spine advanced. The doctor expressed his opinion that the pre-existing arthritic condition could have been aggravated by the truama which the claimant described occurred at the time he first experienced pain in his back. An examination revealed a swelling in the lumbar muscles of the lower spine, and such pain on movement as to completely disable claimant from work. The doctor further testified that after treatment the sprained condition of the claimant’s back improved to the point that he could resume regular work on July 7, 1958. He concluded that any residual disability which existed subsequent to the abovementioned date must be attributed to claimant’s pre-existing arthritic condition.
Based upon the foregoing testimony, the Deputy, on December 3, 1958, entered a compensation order in which he found, inter alia, that the claimant suffered an aggravation of an arthritic condition in his back while handling a chain saw in the performance of his employment as a pulpwood cutter on June 12, 1958; that prior to the time of this injury claimant’s arthritic condition had not been disabling; that the aggravation was an injury which arose out of and in the course of his employment; and that the aggravation caused claimant to become temporarily totally disabled up to the date of the hearing before the Deputy. Based upon the foregoing findings of fact, the Deputy concluded that the claimant is entitled to temporary total disability compensation to continue until maximum recovery is reached.
Upon review by the Full Commission an order was entered in which it was found that the claimant had not given his employer notice of his injury within the thirty-day period limited by the statute[1], and that on this ground alone the claim should have been dismissed. The Full Commission further found that there was no competent evidence before the Deputy to support his finding that the claimant had suffered an injury by accident arising out of and in the course of his employment. It was accordingly held that for both of the reasons assigned, the award made by the deputy should be vacated, set aside and the claim dismissed.
It is axiomatic in this jurisdiction that the Deputy is the sole trier of fact and his findings are binding upon the *787 Full Commission when supported by substantial and competent evidence.[2] From the foregoing evidence, it was both reasonable and logical for the Deputy to conclude that claimant suffered an injury by accident which arose out of and in the course of his employment. The Full Commission therefore erred when it attempted to review the evidence, revaluate the testimony and make findings of fact contrary to those previously found by its Deputy, and supported by competent substantial evidence.
It appears that the respondent-employer in the proceeding before the Deputy filed as a defense, failure of claimant to give proper notice of his injury within the thirty days limited by the statute. The Deputy’s compensation order is silent with respect to any finding regarding notice. The record with respect to the question of notice, however, reveals the testimony by claimant and two of his co-workers that following the disabling injury, claimant sent word to his employer that his back was causing him such pain that he was unable to report for work. It is not disputed that claimant had an excellent work record with his employer for several years prior to that date. The employer acknowledged having received word that claimant was “down in the back” and unable to report for work, but contended that he was not fully advised that claimant’s disability resulted from any injury by accident arising out of and in the course of his employment. Claimant’s employer Grant admitted on cross-examination, however, that within two weeks after claimant failed to report for work he was advised by his pulpwood broker Carl McDougald that he, Grant, had failed to make a report of claimant’s injury and that this information was the first notice received by Grant that claimant had suffered an injury by accident while working on the job. Since the foregoing information was furnished to the employer within two weeks from June 12, 1958, the date on which claimant testified he suffered injury, this evidence would have been sufficiently competent and substantial to justify a finding by the Deputy that notice of injury had been given to the employer within 30 days as required by the statute.[3]
It is clear that the defense of lack of notice was raised in the proceedings before the Deputy and there was evidence on this issue from which a ruling could have been made. That it would have been propitious for the Deputy to have expressly ruled on the question of notice, we do not doubt. However, where, as here, the record is buttressed with competent substantial evidence which clearly shows that notice was in fact given, the failure of the Deputy to expressly rule on the issue of notice was harmless error. It appears entirely consistent with reason and the justice of the cause that the Deputy was satisfied as to every essential requisite necessary to sustain the award.[4] Any finding of the Commission to the contrary is unwarranted and must be rejected.[5]
*788 Certiorari is granted, the order of the Full Commission is quashed and the cause remanded with directions that the Deputy Commissioner’s' compensation order be affirmed.
STURGIS and CARROLL, DONALD K., JL, concur.

. F.S. Sec. 440.18, F.S.A.

. United States Casualty Company v. Maryland Casualty Co., Fla.1951, 55 So.2d 741.

. F.S. § 440.18(4), F.S.A.: “Failure to give such notice shall not bar any claim under this chapter (a) if the employer (or his agent in charge of the business in the place where the injury occurred) or the carrier had knowledge of the injury or death and the commission determines that the employer or carrier has not been prejudiced by failure to give such notice, or (b) if the commission excuses such failure on the ground that for some satisfactory reason such notice could not be given; nor unless objection to such failure is raised before the commission at the first hearing of a claim for compensation in respect of such injury or death. Provided, in case the delay in giving notice is so excused, no compensation shall be payable for aggravation of the injury caused by want of ‘first aid’ or proper medical treatment during such delay, and every presumption shall be against the validity of the claim.”

. Meehan v. Crowder, 1946, 158 Fla. 361, 28 So.2d 435.

. United States Casualty Company v. Maryland Casualty Co., Fla.1951, 55 So.2d 741, see note 2.