TERRELL, Justice
(dissenting).
Petitioner, Louis T. Lasseter, was injured in an industrial accident March 26, 1957. He was employed at the time by Florida Citrus Canners Cooperative at Lake Wales, Florida. A laminectomy and spinal fusion were performed on June 10, 1957. The petitioner made satisfactory progress toward recovery until November 17, 1957, at which time he suffered a recurrence of pain and temporary disability. On January 3, 1958, petitioner requested his doctor to permit him to return to work. X-rays of the injured area were taken and petitioner’s request was granted.
It later developed that the doctor interpreted the X-rays as indicating a firm fusion of the lumbosacral joint when in fact a psuedo arthrodesis had developed, by reason of which petitioner should not have been permitted to return to work. He did, however, return to work January 4, 1958, performing the duty of a fork-lift operator satisfactorily until January 14, 1958, when he claims the truck ran over a 2 x 4 scant-ling and re-injured his back. Petitioner’s pain increased until July, 1958, when his back was again surgically repaired. Respondents refused to pay compensation benefits subsequent to the claimed re-injury January 14, 1958, up to June 9, 1958, the date of petitioner’s reentry into the hospital, for which petitioner filed his request for compensation.
The deputy commissioner held that no accident or re-injury occurred on January 14, 1958, that the petitioner voluntarily left his job to go out on strike January 17, 1958, while still able to perform the duty he was obligated to perform and that petitioner had no pain or if so, it was not disabling. The deputy commissioner concluded that the petitioner was not totally disabled until he entered the hospital in June, 1958. The full commission affirmed the judgment of the deputy commissioner. *217 We are confronted with an appeal by certi-orari from the latter order.
Three questions are urged for consideration by this court. (1) The deputy commissioner erred in finding that petitioner was not re-injured January 14, 19S8; (2) the deputy commissioner erred in admitting unsupported hearsay testimony to the effect that petitioner was injured off the respondent’s premises; (3) the deputy commissioner erred in finding that petitioner was not temporarily totally disabled between January 17, 1958, and June 9, 1958. In short, all these questions turn on that of whether or not there is competent, substantial evidence to support the findings and judgment of the deputy commissioner.
In affirming the deputy commissioner, the full commission relied on United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741. This would have been safe reliance had the quantum of proof in the one case been consonant with that in the other. Respondents contend that the evidence clearly shows that petitioner voluntarily left his work to go out on strike on January 17, 1958, and was continuously able to perform the work he left up to June 9, 1958, when he re-entered the hospital, but that he refused to do so. Under such circumstances, respondents insist that petitioner is barred from recovery by virtue of § 440.15(7), Florida Statutes, F.S.A.
In response to this contention, the evidence shows that petitioner received strike pay as it was distributed by the union. On cross examination of the petitioner, carrier’s attorney continually phrased his questions so as to emphasize the fact that the petitioner had gone out on strike and the petitioner, in answering, tacitly admitted that he had in fact done so. In answer to the question, “Do you remember what day you went on strike?” petitioner stated, “I believe it was the 17th, we went out on strike.” Tr. p. 4. The deputy found that petitioner had voluntarily left his job and was, therefore, not entitled to compensation. Such a holding is entirely consonant with the provisions of § 440.15(7), Florida Statutes, F.S.A., despite the fact that said section of the statutes was not mentioned by the deputy. However, it remains consonant only so long as the petitioner was able to perform the work and refused to do so, either because he was on strike or for any other reason not considered justifiable by the full commission. If, however, petitioner became totally disabled as a result of the original injury suffered in 1957, he would be entitled to compensation from the date his total disability could be established. If instead of striking the petitioner had simply quit or refused to work for several days- and then his pain from the original accident returned to such an extent that he was rendered incapable of working even if he desired to do so, it could hardly be contended that he would not be entitled to compensation for such disability.
After all is said the crux of the problem is whether or not there is sufficient evidence to sustain the deputy’s finding that no pain existed at the time in question or if it did exist, it was not disabling.
Before discussing this problem, it is pertinent to point out that we have not overlooked the fact that the deputy commissioner found that the pain complained of by the petitioner did not arise as a result of a re-injury from driving the forklift truck. This goes to the cause or origin of the pain, however, and not to the effect of it. As to the cause of pain,' it would make no difference whether the deputy found that it resulted from a re-injury or from motion at the fusion site, for in either case the claimant would have been entitled to compensation for the period claimed, unless he re-injured his back through some independent, intervening accident. Ernest Waters Const. Co. v. Mills, Fla.1951, 51 So.2d 180. In the case at bar the intervening cause could have been the injury suffered by the petitioner on the November fishing trip but the deputy made no specific finding on this question. He found that petitioner’s pain suffered during 1958 was *218 “probably” from the fishing trip. An extract from his finding is as follows:
“In determining that he was able to work from January 16, 1958, through June 8, 1958, consideration has been given all the testimony on this issue. Claimant testified, in effect, that he was in pain while working in January, but that it became unbearable after the second accident on January 14, 1958. His wife testified, in effect, that his back hurt him all the time, but perhaps worse after he quit in January. Supervisory personnel of employer testified, in effect, that he evidenced no particular discomfort while working in January. Claimant was able to drive his car.” (Emphasis supplied.)
It is not disputed that petitioner visited a doctor on January 19, three days after he quit work, complained of back pain, and was sent to the Jewett-Wright Orthopedic Clinic in Orlando the following day. During the next five months, he returned to the clinic twelve times complaining of various degrees of pain and was given conservative treatment. Finally on June 14, 1958, he was admitted to the Florida Sanitarium and Hospital where a second myelogram was performed on June 20, He was discharged from the hospital July 6, returned to the clinic July 14, was re-admitted to the hospital the same day, and was again operated on July 18. The doctor felt that the petitioner was totally disabled from January 20, 1958, because of the pain from which he was suffering. The doctor saw the petitioner during this entire period— the deputy did not, nor did he refer to any evidence to support his finding that the pain was not disabling except that the petitioner could drive his car. The petitioner’s condition ultimately resulted in the second operation. This, coupled with his numerous visits to the doctor and complaints of pain, the doctor’s opinion as to disability (not cause of disability), and lack of evidence to the contrary indicate that the record falls far short of the standard required to support the findings of the deputy commissioner under the Maryland Casualty Co. case.
As stated above, the deputy commissioner found that if petitioner suffered back pain from January 16 to June 9, 1958, it was not disabling. He predicates this finding on the fact that petitioner worked certain portions of the days, January 14, 15 and 16, all during the period of purported re-injury, despite other testimony was positive on the point of disability. In addition to the medical testimony in this case, there was lay testimony from which a different conclusion could have been reached. In other words, when the whole record is considered, including lay and medical testimony, we think the evidence relied on by the deputy is clearly insufficient.
We have not overlooked the fact that the decisions of this court make it clear that the opinions of medical experts are not conclusive in and of themselves and may, in fact, be disregarded by the deputy commissioner in favor of lay testimony or demonstrative evidence. Meehan v. Crowder, 1946, 158 Fla. 361, 28 So.2d 435; Star Fruit Co. v. Canady, 1947, 159 Fla. 448, 32 So.2d 2; Andrews v. Strecker Body Builders, Inc., Fla.1957, 92 So.2d 521. The principles involved in these cases were fully treated and approved in the recent decision of this court in Magic City Bottle & Supply Co. v. Robinson, Fla., 116 So.2d 240. See also Hernandez v. DeCarlo, Fla., 116 So.2d 429. It should be noted, however, that all these cases involved medical testimony against the claimant and competent lay testimony in his favor. That is not the situation in the case at bar. The deputy commissioner in this case had no other lay testimony or demonstrative evidence to rely on when he chose to disregard the testimony of petitioner and the opinion of petitioner’s doctor. He felt that because the doctor relied on petitioner’s story of re-injury while driving the fork-lift truck, when such story was untrue, that the medi *219 cal testimony was discredited. The fact is that- the doctor saw the petitioner and opined that because of pain (no matter what its source), he was totally disabled and consequently could not work subsequent to January 20, 1958. The deputy commissioner substituted his unsupported conclusion for that of the testimony of the petitioner and his doctor. We do not think that the deputy commissioner’s discretion goes this far. At any rate, it does not square with what this court held in the Maryland Casualty Co. case.
We have heretofore referred to an intervening cause due to petitioner’s “re-injury” of his back while on a fishing trip in November,. 1957, but the record does not support a finding that said re-injury constituted an intervening cause so it is possible that this is the reason the deputy commissioner did not make a specific finding to that effect. If there were any question of intervening cause, the proper disposition of the case would be to require that it be sent back for a determination of that question of fact and make an award consonant with such finding.
In view of all that has been said, I think the judgment and finding of the deputy commissioner as affirmed by the full commission should be reversed with directions to amend so as to provide compensation for the petitioner for the period extending from January 20, 1958, until such time as he reaches the point of maximum medical or physical recovery, and permanent partial recovery thereafter, if any. In so doing, credit or deductions may be given for any strike pay shown to have been awarded. In all other respects, the judgment is correct and should be allowed to stand. I am authorized to say that Mr. Justice ROBERTS and Mr. Justice DREW concur in this conclusion.
ROBERTS and DREW, JJ., concur.