PER CURIAM.
By this appeal, the appellant seeks review of an order of the circuit court quashing and dismissing his certiorari proceedings to review his dismissal as an employee of the Public Safety Department of Dade County, Florida, by the appellee County Manager.
It appears from the record that the appellant, a police lieutenant, was notified of his dismissal from the service by the County Manager pursuant to his authority under the Metropolitan Code of Dade County.[1] The specifications authorizing the dismissal, as indicated by the County Manager, were as follows:
“Ch. VIII, § 7 — Personnel Rules for Metropolitan Dade County.
“(a) That the employee is incompetent or inefficient in the performance of his duties.
“(i) That the employee has been guilty of conduct unbecoming an employee of the County whether on or off duty.
“(1) That the employee has violated the provisions of departmental rules.”
Thereafter, the appellant duly prosecuted an appeal to the Personnel Advisory Board, pursuant to the provisions of the code and regulations of the County.[2] Subsequent to extensive hearings before the Board, it rendered its report to the County Manager wherein it recommended that the appellant not be discharged from the classified service of the County, to wit: “It is the unanimous recommendation of the Personnel Advisory Board that Leon B. McKim be reinstated to county service”. Upon receipt of the report of the Personnel Advisory Board, the County Manager [ostensibly upon the authority of the Metropolitan Code] [3] adhered to his original order of *80 dismissal of the appellant and dismissed him from County service. Thereafter, certiorari was prosecuted to the circuit court in accordance with Alianell v. Fossey, Fla.App.1959, 114 So.2d 372; O’Brien v. Campbell, Fla.App.1960, 118 So.2d 672; Rule 4.1, Florida Appellate Rules, 31 F.S.A., and this resulted in the order here under review wherein the circuit judge quashed and dismissed the writ of certio-rari, reciting the following in said order:
* * * * * *
“ORDERED AND ADJUDGED that the record in this cause shows a sufficient basis for the administrative determination of the termination of petitioner’s employment with Dade County. The action of the Respondents has been shown to be clearly within their legal authority and the Petitioner has failed to demonstrate any departure from the essential requirements of the law. The Petition for Writ of Certiorari be and the same is hereby quashed and dismissed with prejudice.”
⅜ ⅜ ⅜ $ ⅜ $
The appellant has preserved the following for review in this appeal: (1) That the County Manager cannot discharge a classified employee subsequent to a finding by the Personnel Advisory Board that the employee was not guilty of the charges contained in the letter of dismissal. (2) That the County Manager is required to follow the recommendations of the Personnel Advisory Board in the event there is competent, substantial evidence to sr.pport the findings of the Board.
The basic thrust of the appellant’s argument is that if there is substantial, competent evidence to support the findings of the Personnel Advisory Board, the County Manager must follow these findings, although he may have some discretion as to the recommendations relative to the punishment. The appellees met this contention with the argument that the actions of the County Manager, following the receipt of the findings and recommendations of the Personnel Advisory Board, should be affirmed if said findings are supported by any competent, substantial evidence in the record before the Personnel Advisory Board.
We concur with the County’s contention and affirm, and liken the County Manager’s function [upon receipt of the report from the Personnel Advisory Board] to that of a chancellor upon receipt of a report of a special master, to wit: the findings together with the recommendations are merely recommendations which may or may not be followed by the County Manager, if there is evidence in the record before the recommending body which will support an action by the County Manager. See: Burns v. Burns, 153 Fla. 73, 13 So.2d 599; Harmon v. Harmon, Fla.1949, 40 So.2d 209; Bergh v. Bergh, Fla.App.1961, 127 So.2d 481. In other words, if the record as made before the Personnel Advisory Board [notwithstanding its findings and recommendations] will support the actions of the County Manager in discharging the employee and disregarding the findings and recommendations, his decision should be affirmed. However, if there is absolutely no evidence adduced before the Personnel Advisory Board to support the action of the County Manager in disregarding its findings and recommendations, then he would not be at liberty to disregard the report.
In the instant case we find ample, indisputable evidence adduced before the Personnel Advisory Board that the appellant [a supervisory officer in the Public Safety Department of Dade County] had engaged in activities which would warrant his dismissal and, therefore, we find no error in the circuit judge’s refusal to disturb same upon certiorari.
The final order and certiorari appealed are affirmed.
Affirmed.

. § 2 — 47, Code of Metropolitan Dade County, Florida, infra.

. § 2 — 47, Code of Metropolitan Dade County, Florida.

. “§ 2-47. Suspension, dismissal, reduction in grade and appeals.
“Any employee may be suspended or reduced in grade by the head of his department for any cause which will promote the efficiency of the service. The department head shall advise the manager of the circumstances of any such suspension or reduction in grado, and he may recommend dismissal of the employee. A written statement of the reasons for the action shall be furnished to every employee suspended, reduced in grade or dismissed. Except as provided in Section 2-42(16), be may appeal the action to the personnel advisory board within ten working days. The board’s advisory findings and recommendations shall be transmitted to the manager who may sustain, reverse or modify the suspension, or reduction in grade, or the dismissal. (Ch. 30255, § 13, Laws 1955; Ord. No. 57-16, § 1, 10-7-57; Ord. No. 58-11, § 1, 4-16-58)”