PER CURIAM.
The appellant, a civil service employee of the City of Hialeah, Florida, was discharged. He sought review of the grounds assigned for the discharge before the Personnel Board. A hearing was held before the Board, and the dismissal was upheld.
The appellant then filed a petition for certiorari, in the Circuit Court, directed to a review of the decision of the Personnel Board of the City of Hialeah. A hearing was held before the court and the following opinion and judgment was entered:
“THIS CAUSE coming on to be heard before me, the Petitioner’s Petition for Certiorari and after reading the record, briefs and considering comments of counsel this Court finds:
“1. That sufficient evidence was presented before the Personnel Board of The City of Hialeah, Florida to sustain the findings and judgment of the board.
“2. That the hearing before the board was replete with unnecessary and untimely objections, together with unrequired and unnecessary arguments, apparently more for the public’s benefit than for the Personnel Board’s consideration. This action was commenced and was primarily the fault of the Petitioner’s own counsel. However, the City’s counsel added to the confusion with unnecessary replies to Petitioner’s counsel’s conduct. As a result, the hearing took four different sessions on four different days, when one session on one day would have been ample time to complete the- hearing.
“3. That as a result of the conduct of the hearing the Petitioner was unable to fully cross examine some of the witnesses from whom he may *613 have elicited testimony which might have contradicted some of the testimony upon which the board’s findings were based.
“THEREFORE and for the reasons stated the Petitioner’s Petition for Certiorari is granted and the Findings and Judgment of the Personnel Board of Hialeah is hereby Quashed, and it is further
“ORDERED AND DECREED that the Petitioner be granted a new hearing before the Personnel Board of Hialeah.”
The appellant, petitioner below, then filed this appeal. In his brief, which is filed in proper person, he urges that the circuit court should have entered a judgment quashing the decision of the Personnel Board and directing that he had been illegally discharged. We will return to the question thus presented, but first, for the sake of clarity, we must consider appellant’s attempt to have this Court pass upon the merits of his discharge by the City.
First, on his petition in the circuit court, the question to be determined by that court was not whether the City ought to have discharged him. The issue presented there was whether the petitioner had been accorded procedural due process, and whether there was a failure by the Personnel Board to comply with the essential requirements of law. De Groot v. Sheffield, Fla.1957, 95 So.2d 912; McGuaran v. Susskind, Fla.App.1965, 175 So.2d 218. See In re Edwards, 100 Fla. 989, 130 So. 615 (1930). These are questions of law, and the evidence is considered only upon the allegation that the record fails to reveal any competent substantial evidence to support the decision of the quasi judicial board. De Groot v. Sheffield, supra.
Second, the appeal in this court, from the judgment of the circuit court, does not bring to this court questions as to the merits of the charges brought against the employee. The extent of our review is to decide whether the circuit court applied the proper law and acted in accordance with established procedure. Morris v. City of Hialeah, Fla.App. 1962, 140 So.2d 615; McGuaran v. Susskind, Fla.App. 1965, 175 So.2d 218.
Within the limits set forth, we will consider whether or not the appellant was entitled to a judgment, upon his petition for certiorari, directing that he had been illegally discharged. Under the strict common law practice, the judgment on hearing on the return in certiorari was either to quash the writ or quash the order or proceedings of which complaint was made. Crandall, Florida Common Law Practice (1928) § 472, p. 661. The modern practice allows a broader scope to the reviewing court upon petition for certiorari. McGee v. McGee, 156 Fla. 346, 22 So.2d 788 (1945). Cf., Johnson v. Fernandez, 79 Fla. 508, 84 So. 381 (1920). Therefore, if the record before the circuit court was such as to afford a lawful basis for the court’s decision that there were procedural irregularities in the first hearing, it was not error for the circuit court to include in its judgment on certiorari a direction that petitioner be granted a rehearing before the Personnel Board. The appellant does not contest the existence of the procedural irregularities found by the circuit judge, but he contends that the judge should have directed the Board to find that the appellant was wrongfully discharged. As indicated by the cases cited, this would not be a proper use of the writ. We therefore conclude that error has not been made to appear.
Affirmed.