PER CURIAM.
This matter is before us on a petition for writ of certiorari and a full appeal which we have previously consolidated for appellate purposes.
The petitioner, Milton Klein, was a police lieutenant in the Dade County Public Safety Department and was in charge of the Dade County Jail when an incident occurred resulting in his dismissal. On *156 March 29, 1967, he was dismissed from his employment for the alleged violation of certain personnel rules of Metropolitan Dade County. Essentially, he was charged with accepting, as a gift, food which had been brought into the jail by an attorney for a highly publicized inmate. He was charged with eating some of the food and permitting two inmates to partake also in the food.
Klein appealed his dismissal to the Personnel Advisory Board of Metropolitan Dade County. The Board, after conducting hearings, made the following oral statement on July 26, 1967. “The Personnel Advisory Board recommends unanimously Milton Klein be reinstated to rank of police lieutenant as of this date.”
The Personnel Rules of Metropolitan Dade, Chapter VIII, Section 5, provides:
“Suspension, Dismissal, Reduction in Grade and Appeals: Any permanent employee may be suspended without pay, reduced in grade or dismissed by the head of his department for any cause which will promote the efficiency of the county service. The department head shall advise the Personnel Director of the circumstances of any such suspension, reduction in grade, or dismissal of a permanent employee. A written statement of the reasons for the action shall be furnished to every employee suspended, reduced in grade or dismissed. Except as provided in Section 2-42(16) of the Code of Metropolitan Dade County, Florida, the employee may appeal the action to the Personnel Advisory Board within ten working days. The■ board shall act as a fact finding body, considering all available information related to the action, and transmit these facts and its advisory findings to the manager zvho may sustain, reverse or modify the suspension, reduction in grade, or the dismissal.” Emphasis Added.
See also Code of Metropolitan Dade County, Chapter 2, Article IV, Division 2, Section 2-47.
The County Manager, by letter of October 16, 1967, advised Klein that he had reviewed and considered the testimony before the Board and the recommendations of the Board and that the original action of dismissal was sustained.
Klein then filed a petition for certiorari to the Circuit Court. In that petition he alleged, inter alia, that the actions of the County through its Manager in sustaining his dismissal were not in accord with the essential requirements of law and violated his rights of due process under the state and federal constitutions.
The Circuit Court ruled that the County was clearly within its legal authority and that Klein had failed to demonstrate any departure from the essential requirements of the law. It quashed his petition for writ of certiorari and dismissed it with prejudice.
It is on these facts that the case is before us. Klein argues that he was not accorded due process of law by the proceedings which resulted in his dismissal from his job of 21 years.
The County argues that Klein has raised the lack of due process for the first time on appeal and has, therefore, waived this point by remaining silent when he had a duty to speak. The records indicate he raised the point for the first time in his petition to the Circuit Court when he alleged a lack of due process and a departure from the essential requirements of the law. We know of no procedure and none has been shown under which he might have raised the point before.
The question then is, did the failure of the Personnel Advisory Board to transmit its findings of fact and advisory findings to the County Manager constitute a departure from the essential requirements of the law as set forth in the Personnel Rules of the Code; and was the Circuit Court in error in its order sustaining these actions.
Both parties rely on McKim v. McNayr, Fla.App.1964, 168 So.2d 78. While we are *157 in agreement with McKim, supra, we do not find that it disposed of, or considered, the question of whether there was a lack of due process to an employee of Dade County because of the failure of the Personnel Board to transmit facts and its advisory findings to the County Manager.
The County, in its brief, apparently agrees that the only “finding” transmitted to the County Manager was the oral recommendation that Klein be reinstated to his rank as of that date, i.e., July 26, 1967, It argues, by implication, that the Board found he should have been suspended, without pay, from the date of the dismissal letter [March 24, 1967] until the date of its recommendation that he be reinstated. It contends that where an express finding must necessarily have been founded upon an unexpressed finding of fact,, the unexpressed finding of fact will be assumed to have been made. It relies on Troup v. Bird, Fla.1951, 53 So.2d 717; Meehan v. Crowder, 158 Fla. 361, 28 So.2d 435 (1947); and 1 Fla.Jur. Administrative Law § 136.
We observe the rule requires that the board “shall act as a fact finding body * * * and transmit these facts and its advisory opinion to the manager * * He is not required to follow the recommendation of the Board (McKim, supra) but the board is required to act as a fact finding body and to transmit “facts and its advisory findings to the manager.” Here the board never transmitted any findings of fact to the manager but did transmit a recommendation. The failure of the Board to comply with its duty under the rule and code constitutes a departure from the essential requirements of the law which is specifically given to persons appealing from their dismissal to the Board.
Klein’s petition for writ of certio-rari in the Circuit Court alleged a denial of due process of law. The Circuit Court was charged with determining whether procedural due process had bedn accorded him and whether the essential requirements of the law had been observed. Nichols v. City of Hialeah, Fla.App.1966, 183 So.2d 611; McGuaran v. Susskind, Fla.App.1965, 175 So.2d 218. Thus the issues raised in his petition were before the Circuit Court when it quashed and dismissed the petition for writ of certiorari and, therefore, the court erred in its ruling.
For these reasons, this cause is reversed and remanded to the Circuit Court, with directions for the entry of an order in accordance herewith.
It is so ordered.