PER CURIAM.
Number 69-571 is an interlocutory appeal by Metropolitan Dade County from an order entered by the circuit court upon a mandate of this court, which mandate issued after we heard numbers 68-333 and 68-338 and remanded the cause for the entry of an order (Klein v. Metropolitan Dade County, Fla.App.1969, 217 So.2d 155). We ordered consolidation for all appellate purposes. On this appeal the County contends that the appealed order is not consistent with that mandate.
*590 The trial judge has fully set forth the basis of his order as follows:
* * * * * *
"On Motion for Order on Mandate, this Court entered and Order on March 10, 1969, directing the County to Initiate appropriate proceedings to remedy the procedural defects and accord Petitioner procedural due process. On March 13, 1969, the County Manager directed the Secretary of the Personnel Advisory Board to convene the members of the Board which heard the original hearings for the purpose of making the necessary findings and transmitting them to the County Manager. It is contended by the County that this constitutes a reference of the cause to the Personnel Advisory Board for the submission by that Board of findings of fact. It is contended that this constitutes a compliance with the Court's Order on the Mandate. Petitioner, however, contends that the only procedure now available is to reinstate Petitioner as of July 26, 1967, the date of the original recommendation of reinstatement by the Personnel Advisory Board."
* * * * * *
"At the time the Petitioner was suspended, the ordinances of Metropolitan Dade County provided for a Personnel Advisory Board of five members who had the right to exercise certain powers in the event a permanent employee was suspended, reduced in grade, or dismissed by the head of his department."
* * * * * *
"In order to accord the Petitioner due process, it is required that the County comply with the provisions of this ordinance.
"On November 4, 1968, the powers of the Personnel Advisory Board were repealed by the Board of County Commissioners of Dade County, by Ordinance No. 68-63."
* * * * * *
"On September 19, 1968, the Personnel Advisory Board was completely changed in its components and make-up by Ordinance No. 68-50."
* * * * * *
"Under the letter or order of the County Manager hereinabove set forth, this matter was referred back to Mr. Edward P. Stephenson, Mrs. Marie Enterline, and Mr. Harold L. Freeburg. Mrs. Enterline and Mr. Freeburg are no longer members of the Personnel Advisory Board. Under no circumstances are these persons still vested with authority to make findings of fact as required by law. This was the procedure guaranteed to the petitioner at the time of his dismissal and at the time of his appeal therefrom under the terms of the Ordinance."
* * * * * *
"It appears to the Court that the County has commendably made changes in its personnel review procedures which are considerably improved over the prior procedures. This might even have resulted from comments made by the courts in this and other cases which reviewed appeals arising from prior proceedings. It further appears, however, that by making these changes the County has made it impossible to provide to this particular Petitioner, the due process which the Court of Appeals has ruled is due to him.
"Under such circumstances, It appears to the Court that the only order that can be rendered by it is an order requiring the County to reinstate the Petitioner."
* * * * * *
 The essential question presented on this appeal is whether the circuit court's order was properly made pursuant to the mandate. We find nothing in the conclusions reached by the circuit court which are inconsistent with the holding of this court in Klein v. Metropolitan Dade County, Fla.App.1969, 217 So.2d 155. Upon remand of a cause the trial court must carry *591 out the mandate of the appellate court a manner consistent with the law applicable to the case and the directions of the appellate court. Beach Resort Hotel Corporation v. Wieder, Fla.1956, 90 So.2d 52. A review of the record now before us fails to demonstrate that the circuit court departed from the foregoing principle.
One additional point raised by the County should be mentioned. It urges that because of the principles set forth in Nichols v. City of Hialeah, Fla.App.1966, 183 So.2d 611, the circuit court does not have the authority to enter the order directing the reinstatement of the appellee. We think this position is mistaken. While we fully adhere to the law as expressed in Nichols v. City of Hialeah we hold that under the circumstances of this case where a civil service employee has been denied due process of the law, the circuit court may upon petition for certiorari filed by the employee order the reinstatement of the employee. Cf. City of Miami v. Loughrey, Fla.App.1964, 166 So.2d 236; Rubin v. Sanford, Fla.App.1964, 168 So.2d 774.
Affirmed.