291 So.2d 116 (1974)
Randall DASHER and Fred Dasher, Petitioners,
v.
STATE of Florida, Respondent.
No. 73-1014.
District Court of Appeal of Florida, Second District.
February 27, 1974.
Rehearing Denied March 26, 1974.
Paul F. Gerson, Miami Beach, and Barry L. Halpern, Miami, for petitioners.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for respondent.
*117 BOARDMAN, Judge,
A petition for writ of certiorari was timely filed by Randall Dasher and Fred Dasher for review of an order of the circuit court, acting in its appellate capacity, dismissing petitioners' appeal. The petitioners were found guilty in county court of the possession or selling of obscene material contrary to the local ordinance. They did timely file notice of appeal, assignments of error and directions to the clerk on August 29, 1973. No designations of the record that petitioners desired in processing their appeal to the circuit court were given to the court reporter. Apparently, because the clerk was not paid for his services, no portion of the record was filed with the circuit court. The petitioners had not been declared indigent.
It appears from a review of the record that there was some communication between the attorney for the petitioners and the reporter and the reporter requested a $500 deposit be paid by the petitioners for the preparation of the transcript. This amount was not furnished the reporter until November 21, 1973, and appears to have been prompted by the respondent filing a motion to dismiss the appeal for the failure of the petitioners to comply with the applicable rules of procedure. The circuit court dismissed the appeal on the authority of Rule 6.13, F.A.R., 32 F.S.A. This action was within the judge's judicial discretion.
There are allegations in the petition to the effect that the failure to compile the record for the appeal was the result of a communication breakdown between the attorney for the petitioners and the court reporter. We take note and feel constrained to state, however, that in the petitioners' response to the state's motion to dismiss the appeal the petitioners asserted that the record on appeal had not been prepared because of their expectation of settling this case as well as three other pending charges, it appearing that such negotiations were taking place between representatives of the state attorney's office and the attorney for the petitioners. This latter version of the petitioners' failure to comply with the Rule, supra, appears to be supported by the record. We quickly add that the record fails to show that the petitioners availed themselves of the opportunity of presenting a motion for an extension of time to file the transcript of record to the trial judge during the pending settlement negotiations referred to above. We find, as the trial judge must have found, that there was no reasonable explanation or excuse for the petitioners' failure to do so.
A careful consideration of the record before us, in the light of the applicable rules of procedure and case law, leads us to the conclusion that certiorari should be denied.
We conceive our responsibility and authority to review such cases as the one before us as did the court in Mitchell v. City of Fort Lauderdale, Fla.App.4th, 1971, 254 So.2d 824:
... Our review is limited to a determination from the record before us whether the lower court has exceeded its jurisdiction or has otherwise deviated from the essential requirements of law... .
It is well established that an appellate court has the express power under Rule 6.13, supra, as well as the inherent power to dismiss an appeal where the same is not properly prosecuted. Hemmerle v. City of Wilton Manors, Fla.App.4th, 1971, 251 So.2d 146.
For the above reasons we find that there is no ground for review by certiorari.
Certiorari denied.
McNULTY, Acting C.J., and GRIMES, J., concur.