BOARDMAN, EDWARD F., Associate Judge.
Appellant, Metropolitan Dade County (hereinafter, County), appeals from an order of the Circuit Court of Dade County, sitting in its appellate capacity. By its decision the circuit court granted the appel-lee’s, Norbert J. Stein (hereinafter, Employee), petition for writ of certiorari to review the ruling of the county manager of Dade County that resulted in the dismissal of the Employee from County service. The order further directed that the County reinstate the Employee to his former employment with back salary and other financial benefits for the period of his dismissal. It is the contention of the County that the circuit court erred in this ruling and that the cause should have been remanded to the County for appropriate proceedings before another hearing examiner. In light of the record before us and in view of the controlling principles of law, we cannot agree.
At the outset, we point out that our appellate review is limited to a determination of whether the circuit court exceeded its jurisdiction or departed from the applicable principles of law. Robert Jones v. City of Hialeah, Fla.App.3rd, 1974, 294 So.2d 686 (opinion rendered April 2, 1974, Cases Nos. 73-797; 73-798; 73-799, not yet reported); Dasher v. State, Fla. App.2nd, 1974, 291 So.2d 116.
Further, we are constrained to mention that the record before us discloses that this case has been pending for an undue length of time, i.e., from March 5, 1972, the date of the Employee’s suspension, to October 1, 1973, the date of the entry of the order appealed from; a classic example of the oft used, but very apt phrase, “justice delayed is justice denied.”
The chronology of events pertinent are the Employee was employed as a claims adjuster-investigator for the Metropolitan Transit Authority March 1, 1968, until March 3, 1972, which was his last working day with the County. He was advised by the director, Investigation Department, in writing, that he was being suspended from employment for five working days, March 6, through March 10, 1972, on the grounds that his service was unsatisfactory. On March 9, 1972, while still on suspension, he was notified, in writing, by the executive secretary, Personnel Department of the County, that he was being dismissed from County service effective on that date. The charges and specifications filed against him were enumerated in that communication. As provided by Section 2-47 of the Code of Metropolitan Dade County, he was advised of the charges and specifications against him and of his right to appeal that action if he desired to do so.
*645 He timely appealed and a hearing examiner was appointed by the personnel director of the county to conduct the hearing. Pursuant to proper notice, a hearing was held on October 20, 1972. The report of the hearing examiner was submitted to the county manager some time during the period of October 20, 1972 to January 22, 1973. The exact date the report was filed cannot be ascertained from the record here. The hearing examiner recommended that the Employee’s appeal be dismissed and his dismissal from County service be sustained. The county manager confirmed the discharge of the Employee.
On February 23, 1973, appellant filed his petition for writ of certiorari in the circuit court seeking, inter alia, to quash his dismissal and to reinstate him to his former employment with back pay. The petition was grounded, in part, on the fact that Chapter VIII, Section 5 of the Metropolitan Dade County, Florida, Personnel Rules had not been complied with; specifically, that the hearing examiner had not made findings of fact.
On April 5, 1973, the County filed its motion to remand the cause to the county manager on the ground that the hearing examiner did not forward his findings of fact to the county manager as required by the aforementioned Personnel Rules. The motion was granted. On June 13, 1973, the Employee filed a motion to set a date by which the findings of fact were to be made. Whereupon, the court granted the County until July 31, 1973, to file the findings of fact. The transcript of record, including the exhibits, was forwarded to the hearing examiner for this purpose.
Subsequently, the Employee filed a motion for judgment on the pleadings alleging that no findings of fact had been filed as of September 19, 1973, and that the hearing examiner had passed away.
Following a proper hearing, the circuit court, on October 1, 1973, rendered the order appealed from, holding, inter alia, that “ . . .it has become impossible to provide to this particular Petitioner the due process which is due to him.”
The circuit court judge could have remanded this cause for a hearing de novo before another hearing examiner. The County urges that it was reversible error that he didn’t and, as a result, it has been denied due process. The County further asserts it now has an employee that was found to be unsatisfactory. The record on appeal, however, clearly shows that the departures from the prescribed procedure, and an unconscionable delay in bringing this matter to its conclusion, fall squarely on the shoulders of the County. As a result, the action taken by the trial judge does not amount to a departure from established principles of law.
The result reached by the trial court is consistent with the ruling of this court in Metropolitan Dade County v. Klein, Fla. App.3rd, 1969, 229 So.2d 589. We are not unmindful of the fact that Klein and the case at bar are distinguishable factually. However, the law enunciated in Klein is still controlling:
. where a civil service employee has been denied due process of the law, the circuit court may upon petition for certiorari filed by the employee order the reinstatement of the employee.
(229 So.2d 589, 591; Emphasis supplied).
Accordingly, in light of the law set forth in Jones and Dasher, supra, the ruling of the trial court is
Affirmed.