RYDER, Judge.
Roy H. Davis, Sr. petitions for certiorari from an appellate decision of the Pinellas circuit court dated July 10, 1986, which affirmed Davis’ discharge as a building inspector for the City of Tarpon Springs, Florida. We grant the petition for certiora-ri and remand this case to the Pinellas circuit court with instructions for the court to issue an order requiring the Civil Service Board of Tarpon Springs to conduct a new hearing for Davis or else the City of Tarpon Springs must reinstate Davis to his former position.
Davis was fired on July 14, 1983, and thereafter appealed to the Civil Service Board of the City of Tarpon Springs. After a hearing of seventeen days conducted over a ten-month period the Board affirmed Davis’ discharge with a three to two vote and Davis appealed to the Pinellas circuit court. He argued that he had been deprived of due process of law because the Board failed to make findings of fact to support the majority’s vote to affirm Davis’ discharge, contrary to the specific rules of the Board which required such findings be made contemporaneous with the Board’s action.
In an opinion and order of May 9, 1986, the circuit court decided that Davis had been denied due process because the Board failed to make findings of fact and remanded Davis’ case to the Board for this purpose. “This is not a mere technical omission,” said the court; ‘ ‘ [Administrative agencies must justify their actions by findings of fact to enable a reviewing court to ensure that the essential requirements of law have been met.” (Pet.App. 3) But the court did not know that at the time of its order two of the three Board members who had voted to affirm Davis’ dismissal were no longer members of the Board.
This predicament was pointed up to the circuit court by both parties’ motions for clarification or rehearing. But before the *1338 court could rule on these motions, the Board filed with the court a “Notice of Compliance with Mandate” with accompanying identical affidavits and attached findings of fact from each member of the Board’s majority who had voted to affirm Davis’s dismissal, even though two of the three were no longer members of the Board. In its order and opinion of July 10, 1986 the circuit court accepted these “findings” and affirmed the discharge of Davis, finding:
[T]hat a majority of the Board members now agree on written findings of fact and that the written findings of fact comply with the controlling ordinance and support the action of the [Board], and that the Order and Opinion of this court was premised in part on the ordinance requirement that the individual Board members must agree on findings of fact, which has now been done even though some of those persons are not today members of the Board which is irrelevent (sic).
(PetApp. 1) We disagree.
The Board has advanced at least three different theories to support the decisions of the Board and the circuit court. Initially, it asked the court to reconvene the Board as it was formerly constituted so that it might make findings of fact. Before the court could act, however, the Board filed its affidavits with attached “findings” which it has characterized as merely verifying its previously adopted findings. The Board also argued that its vote to affirm the dismissal of Davis, by implication, adopted the proposed findings proffered by the city attorney for Tarpon Springs on the day the vote was taken, and rejected those proffered by Davis’ attorney.
In pertinent part the rules of the Civil Service Board of the City of Tarpon Springs are as follows:
9. The majority of the Board members present must concur in any decision. The Board shall, after due consideration, render its judgment affirming, disaffirm-ing or modifying the action of the said departments or City Manager, City Attorney or City Clerk.
10. The Civil Service Board thus shall make the final decision disposing of the appeal. In such decision, the motion shall also include the findings of fact as determined by the majority of Board members in support of such motion. (Emphasis added.)
(Pet.App. 47)
It stretches imagination beyond credulity to suggest that the Board could have adopted findings of fact by implication. The Board’s rule 10 specifically required the Board to adopt findings of fact as a part of its decision. It is specious for the Board now to argue that by some unknown process the petitioner knew or should have known the Board adopted the proposed findings of the prevailing side. And in its opinion and order of May 9, 1986, the circuit court specifically found that the Board had made no findings of fact. This was correct.
Neither can the Board be heard to say its former members’ affidavits with attached findings of fact submitted to the circuit court in 1986, two years after Davis’ hearing was concluded, “verified” the Board’s findings of 1984. There were no such findings. Thus, there was nothing for the members, or former members, to verify.
Nor can the Board make findings in 1986 to support a decision it made in 1984. The circuit court had no power to reconvene the Board as it was previously constituted at the time of Davis’ hearing in 1984. Metropolitan Dade County v. Klein, 229 So.2d 589 (Fla. 3d DCA 1969). Certainly the Board had no authority to reconvene itself in its former guise. Thus, the Board and the circuit court were obliged to follow the rule of Klein. In that case the third district court quoted with approval the opinion of the circuit judge: *1339 “Under no circumstances are these persons [former board members] still vested with authority to make findings of fact as required by law. [B]y making the changes [in membership] the County has made it impossible to provide ... due process [to the petitioner].” The district court affirmed the power of the circuit court to reinstate the petitioner. Klein, 229 So.2d at 590.
The Board argues that the circuit court did the only thing it could, that is, remand Davis’ case for the Board to make findings of fact under the authority of City of Miami v. Lopez, 487 So.2d 1111 (Fla. 3d DCA 1986). That case stands only for the proposition that where findings of fact have been omitted the court must remand for the appropriate administrative agency to make findings. But the case did not deal with a situation, as here, where the Board’s membership has changed. Thus, Lopez does not apply.
In the instant case Davis argues that reinstating him to his former position is the only procedure that will remedy the Board’s having deprived him of due process, but we believe there is another solution even though it may be cumbersome. The Board must conduct another hearing for Davis. Both sides have argued that the length of the previous hearing, seventeen days, and the size of the hearing transcript, 2773 pages with 99 exhibits, make such a course of action impractical and very expensive. But it is not too high a price to insure that the Board provides due process as its own rules require. Davis also argues that the passage of three years will make it difficult to locate witnesses and their memories of events three or more years old will be dim and difficult to recall. Again, we think this is not too great an obstacle to assure that justice is finally served, even though delayed.
We grant Davis’ petition for certiorari, quash the circuit court’s opinion and order of July 10, 1986, and remand this case to the circuit court for proceedings in accordance with this opinion.
DANAHY, C.J., and LEHAN, J., concur.