ZEHMER, Chief Judge.
Employer and Carriers, Southeast Erectors, Inc., Underwriters Adjusting Company, and Crims, Inc., appeal a workers’ compensation order entered after remand from Wiley v. Southeast Erectors, Inc., 573 So.2d 946 (Fla. 1st DCA), rev. denied, 582 So.2d 623 (Fla.1991) (Wiley I), which held that the judge’s finding that Claimant’s pulmonary condition was compensable was based on an *105 improper standard of proof and remanded the cause with directions to reconsider the causation question with reference to the facts and reasoning set forth in Meehan v. Crowder, 158 Fla. 361, 28 So.2d 435 (1946), and Lake v. Irwin Yacht & Marine Corp., 398 So.2d 902 (Fla. 1st DCA 1981). The order entered after remand finds that Claimant’s pulmonary disorder, which resulted from prolonged exposure to Blaze-Shield and welding fumes while employed as a welder, is compensable under the exposure theory and orders Employer and Carriers responsible for all benefits due under workers’ compensation law. On this appeal, Employer and Carriers argue: (1) that the order entered after remand is not supported by competent, substantial evidence and improperly imposed an erroneous standard of law as to the burden of proof; (2) that the order is facially deficient for its failure to discuss the evidence, make the necessary findings of facts to support its conclusions, or explain its acceptance or rejection of expert medical and other testimony; and (3) that the judge erred in finding that Claimant’s condition is com-pensable under the exposure theory and in summarily rejecting the occupational disease theory. We find no reversible error and affirm.
Upon remand, the judge did as he was directed by Wiley I. His findings, made in light of the previous workers’ compensation order and Wiley I, correctly and sufficiently address the issues, and his findings that Claimant has suffered a pulmonary dysfunction, that she has been exposed to conditions and products that could cause the dysfunctions, and that the increased symptoms are temporally related to her employment with Employer are supported by competent, substantial evidence. Whether the condition was caused by exposure or merely aggravated by exposure is not an issue on this appeal.
Employer and Carriers also argue that the order under review should be reversed because the claim should have been considered under the occupational disease theory instead of the exposure theory. We disagree. In Tokyo House, Inc. v. Hsin Chu, 597 So.2d 348, 351 (Fla. 1st DCA 1992), this court noted that “[although the doctrines occasionally overlap and exposure or repeated trauma injuries may sometimes also be occupational diseases, the concepts are not identical.”
In the present case, the record reveals that the case clearly and correctly was tried under the exposure theory.
AFFIRMED.
KAHN and BENTON, JJ., concur.